NEHEMIAH V. BENNETT, Respondent, *vs.* VOLNEY BRUNDAGE, Appellant.

ERROR TO THE DISTRICT COURT OF GOODHUE COUNTY.

A sale, under a power contained in a mortgage, advertised to take place on a particular day, may, before the arrival of said day, be postponed to another time.

S. & J. Giles, the grantors of the Defendant, held a note and mortgage upon this property, executed April 8th, 1857, by the Plaintiff Bennett and wife. The note not being paid at maturity, the mortgagees foreclosed by advertisement, bid in the property, and after the time of redemption had expired, conveyed the premises to the Defendant, Brundage, who (the premises being vacant) took possession.

The advertisement was dated December 24th, 1858, and gave notice that the sale would take place on the 5th day of February,1859,at o'clock, 10A.M.,at the Register's Office in Red Wing. This notice was regularly published up to the 28th of January, 1859, on which day the sale was postponed to the

Bennett v. Brundage.

5th day of March, 1859, at the same hour and place, of which postponement, notice, in connection with the original notice, was regularly given and published to 5th day of March, when the sale occurred. There is no allegation, direct or indirect, in the pleadings, that this postponement, or the sale under it, was for any improper purpose, or in any wise operated to the injury of the mortgagor, said Plaintiff.

On objection taken by the Plaintiff, the Court held the sale void by reason of the postponement prior to the original sale day, and excluded for this reason the evidence of the advertisement and sale from the jury.

## Points and Authorities of Appellant.

I.—The sale on its face is good. *Com. Stat.*, *p.* 644, *sec.* 7; *N. Y. R. S.* 2 *vol. p.* 278, *chap.* 8, *sec.* 5; 12 *Wend. Rep.*, *p.* 57, *Sayles vs. Smith*; 4th *Denio*, *Rep. p.* 104.

## Points and Authorities of Respondent.

I.—The original notice of sale could not have been published for six successive weeks prior to the time of sale, as stated in such original notice.

In the computation of time by weeks, the same rule applies as in computation by days, viz., the first to be excluded, and the last included. Under this computation, the six weeks' publication would not expire until February 11th, whereas the sale would take place February 5th.

II.—If the original notice was irregular, any postponement was also irregular.

III.—Because if the original notice was regular, the postponement on the 28th of January, was wholly irregular and void. *Comp. Stat;*, *p.* 644, 87; 7 *Johns.*, 225.

The cases cited by the Appellant are not authorities on this point.

The provision of the New York statutes was different from ours.

WILDER & WILLISTON, Counsel for Appellant.

GRANT & FREEMAN, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.—The only question involved in this record which the parties have submitted for our decision, is whether a mortgage sale under a power, advertised to take place on a particular day, can, prior to the day named in the notice, legally be postponed.

In ordinary cases it is to the interest of the mortgagor to have the sale deferred as long as possible, and it was in view of this fact doubtless that the statute is so liberal as to place the postponement almost entirely at the discretion of the mortgagee or his assigns. *Sec.* 7, *Com. Stot.*, 644, authorizes the sale to be postponed from time to time, by merely inserting a notice of such postponement as soon as practicable in the newspaper in which the original advertisement was published, and continuing such publication until the day to which the sale is postponed, &c.

There is nothing in the language of this section making it imperative on the party to wait until the first named day shall arrive. Nothing that clearly indicates when such postponement must be made. Nor is there anything in the nature or object of the transaction itself which can render such a course necessary or even desirable. On the contrary, as the delay occasioned by the postponement, is generally to the advantage of the mortgagor, at least in so far as he is thereby given longer time within which to pay off the mortgage, and thus prevent a sale from taking place ; so, the sooner he is advised that the sale has been so deferred, the more likely is he to profit by the delay. But if the postponement cannot be made until the day on which the sale was to take place, according to the original notice, then, although such postponement may have been determined on, or rendered necessary by events transpiring immediately after the first publication of the original notice, the mortgagor may lose all benefit to be derived from an early knowledge of the fact that the sale is to be deferred, which otherwise he might have learned and profited by.

We learn from the cases to which we have been referred by the counsel for the Appellant, that a postponement before the day named in the original notice, is sanctioned by the courts of the State of New York, under a statute identical with our

own in this respect; and we believe the practice to be correct in principle and warranted by the statute.

The order overruling or denying the motion for a new trial is reversed and a new trial granted.