*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0861**

Loyce C. Gonza-Odima, et al.,
Appellants,

vs.

Zumbro LLC,
Respondent,

Homeward Residential, Inc.,
a Delaware corporation,
Respondent.

**Filed December 15, 2014
Affirmed
Stoneburner, Judge[*]**

Ramsey County District Court
File No. 62-CV-13-7650

Kenneth G. Schivone, Roseville, Minnesota (for appellants)

Jack E. Pierce, Matthew S. Greenstein, Bernick Lifson, P.A., Minneapolis, Minnesota (for respondent Zumbro LLC)

Jared D. Kemper, Dykema Gossett, PLLC, Minneapolis, Minnesota (for respondent Homeward Residential, Inc.)

        Considered and decided by Schellhas, Presiding Judge; Johnson, Judge; and Stoneburner, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

Appellants, mortgagors whose property was sold in foreclosure, challenge the rule 12 dismissal of their amended complaint against respondents, the servicer of their mortgage and the entity that acquired the property at the end of the redemption period. Appellants argue that the district court erred by (1) failing to treat respondents' rule 12 motions as motions for summary judgment; (2) holding that some of their claims are barred by Minn. Stat. § 513.33 (2012); and (3) holding that they failed to state valid claims against the mortgage servicer for negligent misrepresentation, fraudulent misrepresentation, and breach of the duty of good faith and fair dealing. We affirm.

## FACTS

Appellants Loyce Gonza-Odima and Gabriel Odima (Odimas) mortgaged real property. The mortgage was serviced by respondent Homeward Residential, Inc. (Homeward). Odimas, who subsequently leased the property to persons not party to this action, defaulted on the mortgage, prompting a foreclosure by advertisement in 2012. At that time, Odimas were approximately $14,000 behind on their mortgage payments.

While the foreclosure was in process, Odimas started working with Homeward to modify the mortgage under the Home Affordable Mortgage Program (HAMP). An October 4, 2012 notice of foreclosure, served on the tenants who occupied the property, stated $278,264.66 as the amount due on the mortgage and that a foreclosure sale would occur on November 16, 2012. That sale was postponed and, on November 19, 2012,

Homeward sent notice that the sale would occur later that month. That sale, however, was subsequently postponed to January 22, 2013.

By letter dated November 30, 2012, Homeward told Odimas that it needed more information from them to determine their eligibility for HAMP relief. On January 21, 2013, Gabriel Odima spoke with someone at Homeward who confirmed that Odimas had provided all of the information required for the HAMP eligibility determination and further stated that the foreclosure sale set for January 22, 2013 would not occur.

Despite Homeward's representation to Odimas, the foreclosure sale occurred on January 22, 2013, and the holder of the mortgage bought the property. Odimas did not redeem the property, a successor in interest to a junior creditor did, and the redeeming entity conveyed the property to respondent Zumbro, LLC. Zumbro later conveyed the property to another entity, not a party to this action.

In October 2013, Odimas sued Zumbro and Homeward, challenging the foreclosure. Odimas' amended complaint (complaint), which erroneously identifies Homeward as the mortgagee rather than the servicer of the mortgage, admits that Odimas were approximately $14,000 in arrears at the time the first foreclosure sale was noticed. The complaint alleges, in part, that the terms of the mortgage were violated because there was no notice given by certified mail of the default and the acceleration of the amounts otherwise not yet due under the mortgage, as required by the mortgage. Odimas asserted that this prevented them from curing the default prior to foreclosure. The complaint, construed broadly, asserts that absent notice, acceleration of the entire amount due on the mortgage was improper, and therefore that the notice of foreclosure, which claimed that

the entire accelerated amount of the mortgage was due, erroneously overstated the amount actually due. The complaint also asserts that Homeward negligently and fraudulently told Odimas that the foreclosure sale would not occur on January 22, 2013. Odimas' complaint asserts six somewhat repetitive counts. Counts one and two allege that the assertion of a false amount due constitutes violations of statutory requirements for foreclosure by advertisement. Count three alleges that false representations made by Homeward breached its duties of good faith and fair dealing, hindering Odimas' performance of mortgage obligations and causing them not to act to protect themselves. Count four alleges that Homeward acted negligently and fraudulently by informing them that the foreclosure sale would not occur. Count five alleges that Homeward's false statements of the amount due and that the sale would not occur breached Homeward's duty of good faith and fair dealing. Count six alleges that Homeward's false statement that the sale would not occur was intentionally and fraudulently made, causing Odimas not to protect themselves.

Zumbro and Homeward moved to dismiss the complaint for failure to state a claim on which relief could be granted. To support their motions, Homeward's counsel submitted an affidavit stating, in relevant part: "Attached hereto as Exhibit 1 is a true and correct copy of Notices of Default sent on May 24, 2012." Exhibit 1 consists of two copies of a letter dated May 24, 2012, giving notice of default and intent to accelerate the mortgage, documents showing that those letters were sent by certified mail, and return receipts apparently signed by each Odima, acknowledging their receipt of the notices.

4

Just before the hearing on the motions to dismiss, Odimas attempted to file an affidavit of Gabriel Odima adding additional information to supplement the allegations in the complaint that Homeward told him there would be no foreclosure sale. This affidavit also states that Odimas "did not see" the notices attached as Exhibit 1 to the affidavit of Homeward's counsel. Homeward objected to the timeliness of Gabriel Odima's affidavit, and the district court declined to consider it.

The district court granted the motions to dismiss under Minn. R. Civ. P. 12.02(e), ruling that Odimas' complaint failed to state a claim on which relief could be granted. Judgment was entered dismissing the complaint, and Odimas appeal.

## D E C I S I O N

Under Minn. R. Civ. P. 12.02(e), "a claim is sufficient to survive a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh v. U. S. Bank, N.A.*, 851 N.W.2d 598, 600 (Minn. 2014) (syllabus); *see Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010) (stating that a pleading will be dismissed "only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded") (quotation omitted). Our review of an order dismissing a case under rule 12.02 is de novo, and we "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Walsh*, 851 N.W.2d at 606.

**1. The district court did not err by failing to treat the motions to dismiss as motions for summary judgment.**

Odimas argue that the district court's acceptance of the documents in Exhibit 1 of Homeward's counsel's affidavit required conversion of the rule 12 motions into motions for summary judgment. We disagree. Rule 12.02 requires that "[i]f, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." But a district court "may consider documents referenced in a *complaint* without converting the motion to dismiss to one for summary judgment." *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 490-91 (Minn. 2004) (clarifying that only documents referenced in or a part of the pleading that is the subject of the motion to dismiss may be considered without converting a rule 12 motion to dismiss into a motion for summary judgment).

Odimas' complaint asserts that notice by certified mail under the acceleration clause of the mortgage was not given. The letters constituting notice, as well as proof of their mailing by certified mail are, therefore, plainly referenced in the complaint, and the district court's consideration of those documents does not convert the rule 12 motions into motions for summary judgment. And the documents conclusively refute the assertion that notice was not sent by certified mail, thereby negating all of Odimas' claims that are based on the assertion that acceleration of the mortgage was a breach of

6

any contractual duty, and resulted in a misstatement of the amount due on the foreclosure notice.

Alternatively, even if it could be argued that the documents contained in Exhibit 1 were outside of the pleadings, Odimas failed to raise any factual issue and failed to provide any argument that additional discovery could have shown the existence of a fact issue, concerning mailing of the notice by certified mail as required by the mortgage. The affidavit that Odimas attempted to introduce stated only that they "did not see" the notice attached as Exhibit 1 and does not purport to refute the evidence that the notice was mailed to them by certified mail. Any error by the district court in failing to treat the issue of mailing of this notice as one for summary judgment did not prejudice Odimas and does not require reversal of dismissal of all claims related to an alleged misstatement of the amount due based on failure to comply with the notice requirement contained in the mortgage.

**2. Odimas' claims based on the timing of notice of postponement of the November 16 foreclosure sale fail to state claims on which relief could be granted.**

Odimas argue that they made a viable challenge to the foreclosure sale based on the fact that notice of postponement of the sale scheduled for November 16 was not given until November 19. We find no merit in this claim.

Postponement of foreclosure sales is governed by Minn. Stat. § 580.07, subd. 1(a)(1), (2) (2012). Those provisions state, in relevant part, that (1) the party seeking postponement must publish "a notice of the postponement and the rescheduled date of the sale, if known, as soon as practicable, in the newspaper in which the notice [of

7

the original sale] was published"; and (2) the notice of postponement be mailed, within three business days of the postponed sale, to the occupant. This mailed notice must include the rescheduled date, if known "and the date on or before which the mortgagor must vacate the property . . ." Minn. Stat. § 580.07, subd. 1(a)(1), (2). Odimas' complaint fails to mention Minn. Stat. § 580.07 and makes no allegation that notice was not given in accord with the statute.

Odimas rely on *Bennet v. Brundage*, 8 Minn. 432, 8 Gil. 385 (1863), to support their argument that it is "improper" to publish notice of postponement after the date of the originally scheduled sale. *Bennet* involved a dispute about whether a foreclosure sale was defective because postponement of sale was noticed before the sale rather than on the day of the scheduled sale. *See Bennet*, 8 Minn. at 434, 8 Gil. at 385 (stating that the case involves only whether the sale can legally be postponed prior to the day named in the original notice and that nothing in the applicable statute required the party to wait until the scheduled day to give notice). The opinion notes the general advantage of a mortgagor of early notice of postponement, but the case does not hold that notice must be given before the date of sale. *See Bennet*, 8 Minn. at 434-35, 8 Gil. at 385. Because neither the statute nor caselaw requires that notice of postponement be given before the originally scheduled date of sale, Odimas' claim to the contrary fails to assert a claim on which relief can be granted.

3.  **Odimas' claims based on Homeward's representation that the January 22 foreclosure sale would not occur are barred by the statute of frauds.**

Counts three, four, and six of Odimas' complaint are all based on Homeward's representation to Gabriel Odima that the foreclosure sale would not occur on January 22,

8

2013. The district court concluded that because an oral promise to postpone a foreclosure sale constitutes an unwritten credit agreement on which any action by a debtor is barred by statute, Odimas failed to make a claim on which relief could be granted. *See* Minn. Stat. § 513.33, subd. 1(1) (defining a "credit agreement," in relevant part, as "an agreement to lend or forebear repayment of money . . . , to otherwise extend credit, or to make any other financial accommodation"); *id.*, subd. 2 (stating that "[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor"); *id.*, subd. 3(3) (providing that the writing requirement applies to an agreement by a creditor to forbear from exercising remedies under prior credit agreements).

Odimas, citing no authority, assert that the statute does not apply to claims for fraud and misrepresentation. We disagree. *See Brisbin v. Aurora Loan Servs., LLC*, 679 F.3d 748, 752 (8th Cir. 2012) (holding that a promise to postpone a foreclosure sale is a financial accommodation for purposes of Minn. Stat. § 513.33, subd. 1). Because the statute plainly bars any action by a debtor on such an unwritten agreement, there is no merit to Odimas' assertion that actions for fraud and misrepresentation are not barred by the statute. Because all claims based on Homeward's assertion that the sale would not occur are barred by the statute, we decline to address Odimas' arguments addressing the district court's alternative bases for dismissing these claims.

**Affirmed.**

9