STATE OF MINNESOTA

IN SUPREME COURT

A13-1967

Court of Appeals                                                          Page, J.

Marcia Lee Stresemann, d/b/a Affiliated Counseling
Center, LLC,

                         Appellant,

vs.                                                          Filed: August 5, 2015
                                                          Office of Appellate Courts

Lucinda Jesson, Commissioner of the Minnesota
Department of Human Services, in her individual
and official capacity, et al.,

                         Respondents.

_____

John M. Degnan, Scott M. Flaherty, Briggs and Morgan, P.A., Minneapolis, Minnesota,
for appellant.

Lori Swanson, Attorney General, Scott H. Ikeda, Aaron Winter, Assistant Attorneys
General, Saint Paul, Minnesota, for respondents.

Richard C. Landon, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis,
Minnesota; and

Teresa J. Nelson, American Civil Liberties Union, Saint Paul, Minnesota, for amicus
curiae American Civil Liberties Union of Minnesota.

_____

S Y L L A B U S

Prosecutorial immunity does not extend to an investigator whose conduct is not

intimately involved with the initiation and maintenance of criminal charges.

1

Reversed and remanded.

O P I N I O N

PAGE, Justice.

We granted review to answer the question "whether and under what circumstances prosecutorial immunity protects a person who is not a prosecutor." Appellant Marcia Lee Stresemann is the sole owner of Affiliated Counseling Center, LLC (Affiliated). Respondent Catharine Morton-Peters was the Chief Investigator for the Medicaid Fraud Control Unit (MFCU) of the Minnesota Attorney General's Office at the time the relevant events in this case occurred. The MFCU has statutory authority to investigate and prosecute suspected Medicaid fraud. *See* 42 U.S.C. § 1396b(q) (2012). In late 2011, Morton-Peters began investigating Affiliated for Medicaid fraud. As a part of the investigation, Morton-Peters applied for and received a search warrant for Affiliated's premises. The warrant application included a request for patient files. The Fridley Police executed the warrant and seized numerous documents from Affiliated's office, including patient files for non-Medicaid patients. Stresemann later sought to have certain files and records returned. When the MFCU failed to return the files and records, Stresemann sued Morton-Peters,[1] alleging, among other claims,[2] that Morton-Peters committed conversion

---

[1] Stresemann also sued Department of Human Services (DHS) Commissioner Lucinda Jesson and DHS Manager Ron Nail. The claims against Jesson and Nail were dismissed and are not before us in this appeal. Because there are no issues before us relating to Jesson and Nail, their involvement in these proceedings will not be discussed further.

2

and trespass to chattels by losing and/or destroying some of Affiliated's patient files. Morton-Peters moved to dismiss, asserting that she was absolutely immune from civil liability based on prosecutorial immunity. The district court found that Morton-Peters was not entitled to prosecutorial immunity.[3] The district court reasoned that "there is no evidence that any of the Defendants were involved in the filing and maintaining of any charges against Plaintiffs. As such, Defendants' absolute immunity defense is inapplicable to the present facts . . . as absolute immunity is narrowly applied to individuals acting in a prosecutorial capacity."

Morton-Peters appealed, seeking interlocutory review of the denial of immunity. The court of appeals reversed, concluding that Morton-Peters is entitled to prosecutorial immunity because her challenged conduct was taken pursuant to her statutory authority to investigate Medicaid fraud. *See Stresemann v. Jesson*, No. A13-1967, 2014 WL 3800289, at *6-7 (Minn. App. Aug. 4, 2014). The court relied on *Hyland v. State*, 509 N.W.2d 561, 564 (Minn. App. 1993), *rev. denied* (Minn. Feb 24, 1994), for the proposition that prosecutorial immunity extends to government employees whose actions are taken pursuant to their statutory authority to investigate and prosecute statutory

---

(Footnote continued from previous page.)

[2]    Stresemann's amended complaint also alleged that Morton-Peters violated: (1) Minn. Stat. § 144.298, subd. 2 (2014); (2) 42 U.S.C. § 1983 (2012); and (3) Article 1, Section 10, of the Minnesota Constitution. These claims were dismissed on various grounds, none of which are before us in this appeal.

[3]    Morton-Peters also sought dismissal based on a number of other claims of immunity. The district court rejected those immunity claims.

violations. *Id.* at \*6. Because we conclude that prosecutorial immunity does not extend to an investigator when the investigator's conduct is not intimately involved with the initiation and maintenance of criminal charges, we reverse and remand to the court of appeals for consideration of Morton-Peters' remaining immunity claims.[4]

The application of immunity is a question of law that we review de novo. *Schroeder v. St. Louis Cty.,* 708 N.W.2d 497, 503 (Minn. 2006). It is well established that prosecutors are entitled to absolute immunity from civil liability "when acting within the scope of their duties by filing and maintaining criminal charges." *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 214 (Minn. 1981). Absolute immunity provides a recipient with a "total shield from liability," *Harlow v. Fitzgerald*, 457 U.S. 800, 813 (1982), such that the recipient is immune from suit.[5] *See Linder v. Foster*, 209 Minn. 43, 48, 295 N.W. 299, 301 (1940) (holding that when court-appointed physicians act within the scope of their duties, those physicians receive absolute immunity and are thus "immune from suit"). We commonly use the phrase "prosecutorial immunity" when referring to the absolute immunity granted to prosecutors when they act within the scope of their duties by filing and maintaining criminal charges.

---

[4] Because the court of appeals resolved the claim of prosecutorial immunity in Morton-Peters' favor, *see Stresemann v. Jesson*, No. A13-1967, 2014 WL 3800289, at \*7 (Minn. App. Aug. 4, 2014), it did not reach her other immunity claims on appeal.

[5] Qualified immunity, in contrast, provides that a recipient is shielded from civil liability so long as that recipient acted in "good faith." *See Elwood v. Cty. of Rice*, 423 N.W.2d 671, 674 (Minn. 1988).

4

We first addressed the scope of prosecutorial immunity in *Brown*, 314 N.W.2d at 213-14. In *Brown*, we adopted the rule announced by the United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), that a prosecutor is absolutely immune from civil suit for damages under Section 1983 so long as the prosecutor's conduct is "intimately associated with the judicial phase of the criminal process." In *Imbler*, the Supreme Court reasoned that prosecutorial immunity is necessary to preclude the possibility "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." 424 U.S. at 423. Leaving open the question of "whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate," *Imbler* limited its extension of prosecutorial immunity to the prosecutor's role of "initiating a prosecution and presenting the State's case." *Id.* at 431. Persuaded by this reasoning, we concluded in *Brown* that "[t]he discretionary decision whether to charge and whether to continue a prosecution lies at the very heart of the prosecutorial function." 314 N.W.2d at 214. Consequently, we adopted "the majority rule that public prosecutors, when acting within the scope of their duties by filing and maintaining criminal charges, are absolutely immune from civil liability." *Id.* We have not discussed the scope of prosecutorial immunity since our decision in *Brown*.

The Supreme Court revisited the scope of prosecutorial immunity in *Burns v. Reed*, 500 U.S. 478 (1991), in which it considered whether a prosecutor was entitled to

5

absolute immunity for giving legal advice to police officers. *Id*. at 492. The Court held that the prosecutor was not entitled to absolute immunity for that conduct because "advising the police in the investigative phase of a criminal case" was not "intimately associated with the judicial phase of the criminal process." *Id*. at 493 (quoting *Imbler*, 424 U.S. at 430). The Court rejected the argument that investigative activities are related to the prosecutor's role in screening cases for prosecution, reasoning that:

> Almost any action by a prosecutor, including his or her direct participation in purely investigative activity, could be said to be in some way related to the ultimate decision whether to prosecute, but we have never indicated that absolute immunity is that expansive. Rather, as in *Imbler,* we inquire whether the prosecutor's actions are closely associated with the judicial process. Indeed, we implicitly rejected the United States' argument in *Mitchell* [*v. Forsyth*, 472 U.S. 511 (1985)] where we held that the Attorney General was not absolutely immune from liability for authorizing a warrantless wiretap. Even though the wiretap was arguably related to a potential prosecution, we found that the Attorney General "was not acting in a prosecutorial capacity" and thus was not entitled to the immunity recognized in *Imbler*.

*Id*. at 495-96 (citation omitted). The Supreme Court further clarified the parameters of prosecutorial immunity in *Buckley v. Fitzsimmons*:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

509 U.S. 259, 273-74 (1993) (citations omitted).

6

Persuaded by the reasoning in *Burns* and *Buckley*, we conclude that there is a material difference between investigative functions normally performed by an investigator or police officer and the prosecutorial functions of filing and maintaining criminal charges. Consequently, we hold that prosecutorial immunity does not extend to an investigator whose conduct is not intimately involved with the initiation and maintenance of criminal charges.[6] Here, the alleged conduct by Morton-Peters was not intimately involved with the initiation and maintenance of criminal charges, and therefore the court of appeals erred when it concluded that she was entitled to prosecutorial immunity.[7] Consequently, we reverse and remand to the court of appeals for consideration of Morton-Peters' remaining immunity claims.

Reversed and remanded.

---

[6] The court of appeals has extended "prosecutorial immunity" to investigators in two separate situations. In *Barry v. Johnson*, the court of appeals held that investigators, when acting at the direction of a prosecutor, are entitled to prosecutorial immunity for "investigations into [the] circumstances of alleged crimes." 350 N.W.2d 498, 499 (Minn. App. 1984), *rev. denied* (Minn. Sept. 12, 1984). In *Hyland v. State*, the court of appeals extended the holding in *Barry*, and held that investigators are entitled to prosecutorial immunity for investigations conducted pursuant to their statutory authority to investigate and prosecute statutory violations. 509 N.W.2d 561, 564 (Minn. App. 1993), *rev. denied* (Minn. Feb. 24, 1994). To the extent that the court of appeals' decisions in *Barry* and *Hyland* are inconsistent with our holding today, we overrule those decisions.

[7] Some of the arguments in Morton-Peters' brief might be read as a request to provide investigators with a form of absolute immunity that is separate and distinct from "prosecutorial immunity." We need not consider these arguments because Stresemann petitioned for review on the specific and narrow issue of whether and under what circumstances *prosecutorial immunity* protects a person who is not a prosecutor. *See George v. Estate of Baker*, 724 N.W.2d 1, 7 (Minn. 2006) ("A petition for review to this court must specify the legal issues to be reviewed.").