*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1967**

Marcia Lee Stresemann,
d/b/a Affiliated Counseling Center, LLC,
Respondent,

vs.

Lucinda Jesson, Commissioner of the Minnesota
Department of Human Services,
in her individual and official capacity; et al.,
Appellants.

**Filed November 30, 2015
Affirmed in part, reversed in part, and remanded
Johnson, Judge**

Anoka County District Court
File No. 02-CV-13-1154

John M. Degnan, Scott M. Flaherty, Daniel M. White, Briggs and Morgan, P.A.,
Minneapolis, Minnesota (for respondent)

Lori Swanson, Attorney General, Scott H. Ikeda, Aaron Winter, Assistant Attorneys
General, St. Paul, Minnesota (for appellants)

Considered and decided by Rodenberg, Presiding Judge; Johnson, Judge; and

Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

This case is before the court of appeals for a second time. In this opinion, we

consider a single question: whether the district court erred by denying a motion to dismiss

Marcia Lee Stresemann's claims of conversion and trespass to chattels against Catherine Morton-Peters. Morton-Peters argues that the district court erred because she is immune from liability and from suit on those claims based on the doctrine of official immunity. We conclude that the allegations in Stresemann's amended complaint do not clearly establish that Morton-Peters is entitled to official immunity. Accordingly, we affirm that part of the district court's order. We previously concluded that the district court erred by denying other parts of the motion to dismiss. Therefore, we resolve the appeal by affirming in part, reversing in part, and remanding for further proceedings.

## DECISION

Most of the relevant facts and procedural history are contained in this court's prior opinion and in the supreme court's opinion on further review. *See Stresemann v. Jesson*, No. A13-1967, 2014 WL 3800289, at \*1-2 (Minn. App. Aug. 4, 2014) (*Stresemann I*); *Stresemann v. Jesson*, 868 N.W.2d 32, 33-34 (Minn. 2015) (*Stresemann II*). We need not restate those matters in this opinion.

In our prior opinion, we noted Morton-Peters's arguments that she is entitled to both prosecutorial immunity and official immunity with respect to Stresemann's claims of conversion and trespass to chattels. *Stresemann I*, 2014 WL 3800289, at \*5-6. Applying precedential opinions of this court, we concluded that Morton-Peters is entitled to prosecutorial immunity with respect to those claims. *Id.* at \*5-7. We then stated, "In light of that conclusion, we need not analyze Morton-Peters's argument that she is entitled to official immunity." *Id.* at \*7. On further review, the supreme court overruled the opinions of this court on which we had relied and concluded that Morton-Peters is not

2

entitled to prosecutorial immunity. *Stresemann II*, 868 N.W.2d at 35-36 n.6. Accordingly, the supreme court reversed and remanded to this court "for consideration of Morton-Peters' remaining immunity claims." *Id.* at 36. Thus, we now consider whether the district court erred by denying Morton-Peters's motion to dismiss Stresemann's claims of conversion and trespass to chattels, despite Morton-Peters's assertion of official immunity.

The doctrine of official immunity protects public officials from liability for their performance of discretionary duties, unless they engage in willful or malicious conduct. *Vassallo by Brown v. Majeski*, 842 N.W.2d 456, 462 (Minn. 2014). To determine whether official immunity applies, a court should inquire into the conduct at issue and determine whether it is discretionary in nature or ministerial in nature. *See id.* "Ministerial duties are absolute, certain, and imperative, and involve merely execution of a specific duty arising from fixed and designated facts," thereby "leaving nothing to the discretion of the official." *Kelly v. City of Minneapolis*, 598 N.W.2d 657, 664 (Minn. 1999) (quotation omitted). On the other hand, a discretionary duty "requires the exercise of individual judgment in carrying out the official's duties." *Kari v. City of Maplewood*, 582 N.W.2d 921, 923 (Minn. 1998). If the conduct is ministerial in nature, a court must determine whether any ministerial duties were violated. *Vassallo*, 842 N.W.2d at 462. If the conduct is discretionary in nature, a court must determine whether the defendant's conduct was willful or malicious. *See id.* The terms willful and malicious are synonymous, and "[m]alice means nothing more than the intentional doing of a wrongful act without legal justification or excuse, or, otherwise stated, the willful violation of a

3

known right." *Rico v. State*, 472 N.W.2d 100, 107 (Minn. 1991) (quotation omitted). In light of this caselaw, Morton-Peters is entitled to official immunity unless she either (a) violated a ministerial duty or (b) willfully violated a known right while performing a discretionary duty. *See Vassallo*, 842 N.W.2d at 462.

The first step in applying the law of official immunity is to identify the conduct at issue. *Gleason v. Metro. Council Transit Operations*, 582 N.W.2d 216, 219 (Minn. 1998). In her supplemental brief to this court, Stresemann identifies two types of allegedly tortious conduct, each of which is essentially a sub-claim of counts 4 and 5: (1) Morton-Peters's "inclusion of knowingly or recklessly false factual statements" in her affidavit in support of an application for a search warrant and (2) her "destruction of . . . ACC's records." Stresemann's first sub-claim is based on paragraph 54 of the amended complaint, in which she alleges, "Defendant[s] deprived ACC of [a property] interest by unlawfully seizing . . . patient charts." Stresemann's second sub-claim is based on paragraph 55 of the amended complaint, in which she alleges, "Defendant[s] deprived ACC of [a property] interest by losing or destroying . . . patient charts."

We will separately address each sub-claim. Before doing so, it is important to note the procedural posture of the case. Morton-Peters asserted official immunity in a motion to dismiss pursuant to rule 12.02(e) of the Minnesota Rules of Civil Procedure. The district court may grant such a motion only if a complaint "fail[s] to state a claim upon which relief can be granted." Minn. R. Civ. P. 12.02(e). "A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief

4

demanded." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). In considering a motion to dismiss pursuant to rule 12.02(e), a district court must "consider only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party." *Finn v. Alliance Bank*, 860 N.W.2d 638, 653 (Minn. 2015) (quotation omitted). In addition, a district court may consider documents attached to or referenced in the complaint. *Northern States Power Co. v. Metropolitan Council*, 684 N.W.2d 485, 490 (Minn. 2004); *In re Hennepin Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 497 (Minn. 1995). This court applies a *de novo* standard of review to a district court's ruling on a motion to dismiss pursuant to rule 12.02(e). *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013).

The law concerning a motion to dismiss for failure to state a claim is not hospitable to the doctrine of official immunity. "[A] defendant relying upon an immunity bears the burden of proving he or she fits within the scope of the immunity." *Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn. 1997). In Minnesota, a defendant who seeks the protection of official immunity usually seeks to satisfy the burden of proof by asserting official immunity in a motion for summary judgment. *See, e.g.*, *Vassallo*, 842 N.W.2d at 462; *Thompson v. City of Minneapolis*, 707 N.W.2d 669, 673 (Minn. 2006); *Mumm v. Mornson*, 708 N.W.2d 475, 480-81 (Minn. 2006); *Anderson v. Anoka Hennepin Indep. Sch. Dist. 11*, 678 N.W.2d 651, 655 (Minn. 2004); *Briggs v. Rasicot*, 867 N.W.2d 217, 220 (Minn. App. 2015), *review denied* (Minn. Sept. 15, 2015); *Shariss v. City of Bloomington*, 852 N.W.2d 278, 280 (Minn. App. 2014). Indeed, we are unaware of any precedential opinion of a Minnesota appellate court in a case in which a defendant

asserted official immunity in a motion to dismiss pursuant to rule 12.02(e). One federal circuit court of appeals has observed that a "more stringent standard" applies to an assertion of immunity raised in a motion to dismiss such that "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Another federal circuit court has observed that plaintiffs are not required to plead facts that may defeat immunity. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). Yet another federal circuit court has stated that an assertion of immunity may be vindicated on a motion to dismiss only if the applicability of the immunity is "clearly established by the allegations within the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

With this procedural framework in mind, we turn to the two sub-claims alleged in counts 4 and 5 of the amended complaint. Stresemann's first sub-claim concerns Morton-Peters's allegedly false statements in her affidavit seeking a search warrant.[1] Morton-Peters contends that the district court erred because her conduct in applying for the search warrant was discretionary. In contrast, Stresemann contends that Morton-Peters had a ministerial duty to not include false statements in the search-warrant

[1]The factual basis of the first sub-claim is essentially the same as the factual basis of Stresemann's section 1983 claim. With respect to the section 1983 claim, appellants argued both that Stresemann had failed to state a claim for relief and that the doctrine of qualified immunity applies. *See Stresemann I*, 2014 WL 3800289, at *2 n.1. In our prior opinion, we resolved the section 1983 claim on the ground that Stresemann failed to plead facts that state a claim for relief. *Id.* at *3-5. But Morton-Peters has *not* argued that Stresemann did not plead viable claims of conversion and trespass to chattels. Thus, we assume without deciding that Stresemann has adequately pleaded *prima facie* cases of conversion and trespass to chattels.

6

affidavit. Stresemann contends that the ministerial duty arises from a statute that requires an affiant to set forth "facts tending to establish the grounds of the application, or probable cause for believing that they exist." *See* Minn. Stat. § 626.10 (2014). She contends, "It is axiomatic that testifying truthfully under oath is ministerial."

As stated above, a motion to dismiss pursuant to rule 12.02(e) on the basis of official immunity may be granted only if the applicability of official immunity is clearly established by the allegations in the complaint. *See Walsh*, 851 N.W.2d at 603; *see also Pani*, 152 F.3d at 75. Stresemann's amended complaint does not make clear that Morton-Peters is entitled to official immunity with respect to the first sub-claim alleged in counts 4 and 5. The amended complaint alleges that Morton-Peters "unlawfully seiz[ed] . . . patient charts." The amended complaint does not allege facts that allow a conclusive determination as to whether Morton-Peters was performing a discretionary duty or a ministerial duty when she engaged in the alleged tortious conduct. Because the factual record is yet to be developed, many relevant facts are yet to be determined, such as whether any policies governed Morton-Peters's conduct when seeking a search warrant and, if so, what steps she took or did not take to comply with those policies. In the absence of evidence on key facts such as those, a court cannot conclude that Stresemann "would be entitled to no relief under any state of facts which could be proved in support of the claim." *Walsh*, 851 N.W.2d at 601-02. Thus, at this stage of litigation, we cannot say that Morton-Peters is entitled to official immunity with respect to the first sub-claim alleged in counts 4 and 5.

Stresemann's second sub-claim concerns Morton-Peters's alleged loss or destruction of ACC records. Morton-Peters contends that the district court erred because her conduct in handling and maintaining the evidence seized from ACC was discretionary. In contrast, Stresemann contends that Morton-Peters violated a ministerial duty to not lose or destroy the seized evidence. Stresemann contends that the ministerial duty arises from a statute providing that property seized pursuant to a search warrant "shall be safely kept." *See* Minn. Stat. § 626.04(a) (2014). Stresemann's amended complaint refers to an affidavit in which Morton-Peters states that Stresemann requested the return of seventeen client files and that three files were found and returned but that "MFCU does not possess the remaining fourteen client files." Based on that part of the affidavit, the amended complaint alleges, "Upon information and belief, the . . . fourteen patient files were lost or destroyed by" Morton-Peters.

Again, a motion to dismiss pursuant to rule 12.02(e) on the basis of official immunity may be granted only if the applicability of official immunity is clearly established by the allegations in the complaint. *See Walsh*, 851 N.W.2d at 603; *see also Pani*, 152 F.3d at 75. Stresemann's amended complaint does not make clear that Morton-Peters is entitled to official immunity with respect to the second sub-claim alleged in counts 4 and 5. The amended complaint alleges that Morton-Peters lost or destroyed Stresemann's property. The amended complaint does not allege facts that allow a conclusive determination as to whether Morton-Peters was performing a discretionary duty or a ministerial duty. Because the factual record is yet to be developed, many relevant facts are yet to be determined, such as whether any policies governed Morton-

8

Peters's conduct when seeking a search warrant; if so, what steps she took or did not take to comply with those policies; whether documents actually were lost or destroyed; and, if so, how documents were lost or destroyed. In the absence of evidence on key facts such as those, a court cannot conclude that Stresemann "would be entitled to no relief under any state of facts which could be proved in support of the claim." *Walsh*, 851 N.W.2d at 601-02. Thus, at this stage of litigation, we cannot say that Morton-Peters is entitled to official immunity with respect to the second sub-claim alleged in counts 4 and 5.

In sum, the district court did not err by denying the motion to dismiss Stresemann's claims of conversion and trespass to chattels against Morton-Peters. The allegations in Stresemann's amended complaint do not clearly establish that Morton-Peters is entitled to official immunity on those claims. We note, however, that the allegations in Stresemann's amended complaint, by themselves, likely would be insufficient to defeat a motion for summary judgment. *See DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (stating that "party resisting summary judgment must do more than rest on mere averments"); *see also Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963-64 (9th Cir. 2004) (explaining that, when defendant produces evidence supporting existence of immunity, "the district court is not required (or even allowed) to assume that the challenged factual allegations in the plaintiff's complaint are true").

Therefore, we affirm the district court's denial of Morton-Peters's motion to dismiss Stresemann's claims of conversion and trespass to chattels, we reverse the district court's denial of appellants' motion to dismiss certain other claims for the reasons stated in our prior opinion, and we remand for further proceedings.

**Affirmed in part, reversed in part, and remanded.**