STATE OF MINNESOTA

IN SUPREME COURT

A13-0742

Court of Appeals                                                                          Lillehaug, J.
                                                    Concurring, Gildea, C.J. and Dietzen, J.

Laura L. Walsh,

                    Respondent,

vs.                                                                               Filed:  August 6, 2014
                                                                      Office of Appellate Courts
U.S. Bank, N.A.,

                    Appellant.

_____

Martin A. Carlson, Law Offices of Martin A. Carlson, Ltd., Minneapolis, Minnesota; and

Roy B. Henline, Henline Law, P.A., Maple Grove, Minnesota, for respondent.

Charles F. Webber, Colton D. Long, Faegre Baker Daniels LLP, Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

There is no compelling reason to depart from the traditional pleading standard for civil actions in Minnesota.  Under that well-established standard, a claim is sufficient to survive a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded.

Affirmed.

1

LILLEHAUG, Justice.

We granted review in this case to decide a question of great interest and consequence to parties and their lawyers in civil cases: whether the plausibility standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to civil pleadings in Minnesota state court. We conclude that it does not.

I.

Laura L. Walsh defaulted on the mortgage on her residential property in Minneapolis. The mortgage holder, U.S. Bank, N.A., commenced a non-judicial foreclosure proceeding.

On November 16, 2011, U.S. Bank attempted to serve an adult at Walsh's property, identified as "Jane Doe" by the process server, with a notice of the impending foreclosure sale and related documents. The process server described Jane Doe as an "occupant" of the property at the time of service "and for some time prior thereto."

According to the process server, Jane Doe "refuse[d] to give her name or acquiesce to service" and "refused to open the door and accept service in hand." The process server displayed the foreclosure-related documents to Jane Doe and told her "that [he] would leave them in the door if she didn't want to cooperate." Jane Doe "began shouting at [the process server] about trespassing" and "much of what she said was unintelligible." Ultimately, the process server left the foreclosure-related documents "in

a secure place" in the door.  Nothing in the record indicates whether U.S. Bank attempted service again.

After the property was sold at a foreclosure sale, Walsh sued U.S. Bank to vacate the sale because of ineffective service of the foreclosure-related documents in violation of Minn. Stat. § 580.03 (2012) and Minn. R. Civ. P. 4.03(a).  She alleged that, when U.S. Bank attempted to serve the documents, the only persons residing at the property were Walsh and her male roommate.  Walsh further alleged that neither she nor her roommate was served with the documents.  Nowhere in her complaint did Walsh explain who Jane Doe was or why Jane Doe was at Walsh's property when U.S. Bank attempted to serve the documents.

U.S. Bank moved to dismiss Walsh's complaint pursuant to Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief can be granted.  U.S. Bank relied on the plausibility standard from *Bell Atlantic Corp. v. Twombly*, which requires that a complaint contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  U.S. Bank argued that Walsh's complaint failed to allege any facts that nudged her claim across the line from conceivable to plausible.

Using the *Twombly* plausibility standard, the district court dismissed Walsh's complaint with prejudice.  The district court reasoned: "Walsh has failed to establish any evidence or facts giving rise to a *plausible* claim for relief.  All of the appropriately considered facts fail to establish improper service."  (Emphasis added) (citation omitted.)

Walsh appealed.  In an unpublished opinion, the court of appeals reversed and remanded.  *Walsh v. U.S. Bank, N. A.*, No. A13-0742, 2013 WL 6050427 (Minn. App.

3

Nov. 18, 2013).  According to the court of appeals, the district court erred by dismissing Walsh's complaint because "it is possible for Walsh to produce evidence consistent with [her legal] theory."  *Id.* at *3.

We granted review to decide whether the plausibility standard, applied by the district court, or our traditional pleading standard, applied by the court of appeals, governs civil pleadings in Minnesota.

## II.

Whether the plausibility standard or our traditional pleading standard is controlling turns on the proper interpretation of Minn. R. Civ. P. 8.01, captioned "Claims for Relief." We interpret our rules of civil procedure de novo.  *Mingen v. Mingen*, 679 N.W.2d 724, 727 (Minn. 2004).  When interpreting a rule, we look first to the plain language of the rule and its purpose.  *In re Welfare of S.M.E.*, 725 N.W.2d 740, 742 (Minn. 2007). "Where the language is plain and unambiguous, that plain language must be followed." *State v. Dahlin*, 753 N.W.2d 300, 305 (Minn. 2008).  Ambiguity exists only if the language of a rule is subject to more than one reasonable interpretation.  *Id.* at 306.

## A.

Minnesota Rule of Civil Procedure 8.01 provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  This language from Rule 8.01 has remained the same since we adopted the rule in 1951.

Only four years later, we first interpreted the plain language of Rule 8.01 in *First National Bank of Henning v. Olson*, 246 Minn. 28, 74 N.W.2d 123 (1955).  We said:

4

" '[T]here is no justification for dismissing a complaint for insufficiency . . . unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.' " *Id.* at 38, 74 N.W.2d at 129 (quoting *Dennis v. Vill. of Tonka Bay*, 151 F.2d 411, 412 (8th Cir. 1945)).

In *Northern States Power Co. v. Franklin*, 265 Minn. 391, 122 N.W.2d 26 (1963), we expanded on our understanding of the plain language of Rule 8.01. We explained:

> One of the fundamental changes intended by the adoption of our Rules of Civil Procedure, particularly as embodied in Rule 8, was to permit the pleading of events by way of a *broad general statement* which may express conclusions rather than, as was required under code pleading, by a statement of facts sufficient to constitute a cause of action. The functions of a pleading today are simply to give fair notice to the adverse party of the *incident* giving rise to the suit with sufficient clarity to disclose the pleader's theory upon which his claim for relief is based, to permit the application of the doctrine of res judicata, and to determine whether the case must be tried by the jury or the court. No longer is a pleader required to allege facts and every element of a cause of action. A claim is sufficient against a motion to dismiss . . . if it is *possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded*. To state it another way, under this rule a pleading will be dismissed only if *it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded*.

*Id.* at 394-95, 122 N.W.2d at 29 (emphasis added) (citations omitted).

*Olson* and *Franklin* are our leading cases on Minn. R. Civ. P. 8.01. We have cited the *Franklin* interpretation of Rule 8.01, for example, 15 times, most recently in July 2014. *See, e.g.*, *Graphic Commc'ns Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, __ N.W.2d __, 2014 WL 2965400 (Minn. July 2, 2014).

B.

For many years, the United States Supreme Court interpreted the federal counterpart to Minn. R. Civ. P. 8.01—Fed. R. Civ. P. 8(a)(2)[1]—in a manner substantially similar to *Olson* and *Franklin*. *See, e.g.*, *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("[A] complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (citation omitted) (internal quotation marks omitted); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), *abrogated by Twombly*, 550 U.S. at 562-63. But in 2007, when it issued *Twombly*, the Court changed course.

In *Twombly*, the Court announced a new pleading standard—the plausibility standard—for civil actions in federal court. Under that standard, a pleading must contain "enough facts to state a claim to relief that is *plausible* on its face." *Twombly*, 550 U.S. at 570 (emphasis added). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not sufficient. *Id.* at 555. Instead, a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Id.*

Two years after *Twombly*, the Court clarified in *Ashcroft v. Iqbal* the two "working principles" that underlie the plausibility standard. *Iqbal*, 556 U.S. at 678. "First, the tenet that a court must accept as true all of the allegations contained in a

---

[1]    Like Minn. R. Civ. P. 8.01, Fed. R. Civ. P. 8(a)(2) provides, in relevant part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

complaint is inapplicable to legal conclusions." *Id.* Second, if the facts in a complaint do not permit a court to infer more than a mere possibility of misconduct, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

C.

In the wake of *Twombly* and *Iqbal*, we have not expressly adopted or rejected the plausibility standard. We have cited *Twombly* only three times, twice substantively, and we have never cited *Iqbal*. *See Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010); *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 235 (Minn. 2008); *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 631 n.3 (Minn. 2007).

The first time we substantively cited *Twombly* was in *Hebert v. City of Fifty Lakes*. We cited *Twombly* for its first working principle: the common-sense proposition that we are "not bound by legal conclusions stated in a complaint when determining whether the complaint survives a motion to dismiss for failure to state a claim." *Hebert*, 744 N.W.2d at 235. We did not mention or adopt the plausibility standard.

The second time we substantively cited *Twombly* was in *Bahr v. Capella University*. In that case, as in *Hebert*, we cited *Twombly* for the proposition that "[a] plaintiff must provide more than labels and conclusions" in a complaint. *Bahr*, 788 N.W.2d at 80. Again, we did not mention or adopt the plausibility standard.

III.

With this history in mind, we now decline to engraft the plausibility standard from *Twombly* and *Iqbal* onto our traditional interpretation of Minn. R. Civ. P. 8.01. We

7

decline to do so despite the fact that the relevant text of Fed. R. Civ. P. 8(a)(2) is identical to the text of Minn. R. Civ. P. 8.01. The similarities between the federal rule and our rule make *Twombly* and *Iqbal* "instructive," but not binding. *See T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 787 n.3 (Minn. 2009) ("Where the language of the Federal Rules of Civil Procedure is similar to language in the Minnesota civil procedure rules, federal cases on the issue are instructive."). We are not bound because we have the power to "regulate the pleadings, practice, procedure, and the forms thereof in civil actions in all courts of this state." Minn. Stat. § 480.051 (2012).

In our view, the plain language of Rule 8.01, its purpose and history, and its procedural context make clear that the rule means today what it meant at the time *Olson* and *Franklin* were decided. A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded.

A.

We begin our analysis with the plain language of Minn. R. Civ. P. 8.01. U.S. Bank argues that Rule 8.01's "showing" and "entitled" language provides textual support for the plausibility standard. We disagree.

*Webster's Third New International Dictionary* defines "show" in relevant part as "to set forth in a statement, account, or description: make evident or clear." *Webster's Third New International Dictionary* 2105 (3d ed. 2002). "[E]ntitle" is defined in relevant part as "to give a right or legal title to: qualify (one) for something: furnish with proper grounds for seeking or claiming something." *Webster's Third New International*

8

*Dictionary* 758 (3d ed. 2002).  Both words indicate that, under Rule 8.01, a claimant must make some sort of demonstration that the claimant has a legal right to relief.

But, as U.S. Bank correctly acknowledges, "[t]he interpretive challenge . . . is defining how much proof is necessary to 'show' that 'entitlement.' "  Noticeably absent from Rule 8.01—and, for that matter, from the rest of our rules of civil procedure—is the word "plausible" or any variation of it.  U.S. Bank does not, and cannot, provide a textual basis for converting the words "showing" and "entitled" into a plausibility standard.  Instead, U.S. Bank essentially asks us to *add* the word "plausible" to Rule 8.01.  To do so would violate a basic rule of interpretation, as we do not add words or phrases to unambiguous statutes or rules.  *See Cnty. of Dakota v. Cameron*, 839 N.W.2d 700, 709 (Minn. 2013) ("[W]e do not add words or phrases to an unambiguous statute.").

Moreover, U.S. Bank's textual argument runs counter to our traditional interpretation of Rule 8.01 from *Olson* and *Franklin*.  For nearly 60 years, we have interpreted the plain language of Rule 8.01—language that is the same today as it was when the rule was adopted in 1951—to mean that a claim is sufficient against a motion to dismiss if it is *possible*, *on any evidence that might be produced*, to grant the relief demanded.  *Olson*, 246 Minn. at 38, 74 N.W.2d at 129.  Not once have we suggested that Rule 8.01 is ambiguous or mentioned the word "plausible" when describing its requirements.

The doctrine of stare decisis directs us to adhere to our former decisions in order to promote the stability of the law and the integrity of the judicial process.  *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 63 (1996).  We therefore require "a compelling

9

reason" to overrule our precedent. *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401, 406 (Minn. 2000). The relevant text of Rule 8.01 is the same today as it was when *Olson* and *Franklin* were decided. U.S. Bank has not presented a compelling textual reason to overrule those cases.

B.

We turn next to the purpose and history of Minn. R. Civ. P. 8.01, which can be summarized as a preference for non-technical, broad-brush pleadings. *See Hardin Cnty. Sav. Bank v. Hous. & Redevelopment Auth. of Brainerd*, 821 N.W.2d 184, 191 (Minn. 2012) (stating that under Minn. R. Civ. P. 8.01 and 8.05, "no specific or technical form of pleading is required"). U.S. Bank argues that the plausibility standard is consistent with this purpose because it is a mere "refinement" to the pleading standard for civil actions in Minnesota. This argument misses the mark.

One of the fundamental changes intended by the adoption of Rule 8.01 was "to permit the pleading of events by way of a broad general statement which may express conclusions rather than, as was required under code pleading, by a statement of facts sufficient to constitute a cause of action." *Franklin*, 265 Minn. at 394, 122 N.W.2d at 29; *see also Barton v. Moore*, 558 N.W.2d 746, 749 (Minn. 1997) ("Under our law, the pleading of broad general statements that may be conclusory is permitted."). After all, Minnesota is a notice-pleading state and "does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it." *Hansen v. Robert Half Int'l, Inc.*, 813 N.W.2d 906, 917-18

(Minn. 2012). The focus is on the "incident" rather than on the specific facts of the incident. *See Franklin*, 265 Minn. at 394, 122 N.W.2d at 29.

By contrast, the plausibility standard requires "factual enhancement." *Twombly*, 550 U.S. at 557. It raises the bar for claimants (and, presumably, for counter- and cross-claimants) and thereby conflicts with Rule 8.01's preference for non-technical, broad-brush pleadings. Accordingly, U.S. Bank has not presented a compelling reason, based on Rule 8.01's purpose and history, to overrule *Olson* and *Franklin*.

C.

Finally, we turn to the context of Minn. R. Civ. P. 8.01. *See Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) ("We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations."). U.S. Bank argues that other procedural rules have little bearing on the proper interpretation of Rule 8.01. We disagree. The context of Rule 8.01 cuts against the plausibility standard, for five reasons.

First, when our rules of civil procedure require more factual specificity—or "particularity"—for a certain type of pleading, they say so clearly. Minnesota Rule of Civil Procedure 9, captioned "Pleading Special Matters," offers several examples. Rule 9.02, captioned "Fraud, Mistake, Condition of Mind," states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Similar requirements of specificity are found in Minn. R. Civ. P. 9.01 (capacity); 9.03 (conditions precedent); and 9.07 (special damages). No such

requirement is found in Rule 8.01 or in Minn. R. Civ. P. 13 (governing counterclaims and cross-claims).

Second, our rules of civil procedure express a strong preference for short statements of fact in complaints. Minnesota Rule of Civil Procedure 8.05(a) directs that each averment of a pleading be "simple, concise, and direct." Minnesota Rule of Civil Procedure 10.02 mandates that the contents of a complaint "shall be made in numbered paragraphs, the contents of each of which shall be *limited as far as practicable* to a statement of a single set of circumstances." (Emphasis added.)

Third, the sample complaints that are appended to our rules of civil procedure clearly illustrate that short and general statements of fact in complaints are adequate. In the words of Minn. R. Civ. P. 84, the sample complaints "sufficiently reflect the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Fourth, Minn. R. Civ. P. 12.05 provides a mechanism for dealing with any lack of clarity that may result from Rule 8.01's preference for non-technical, broad-brush pleadings. If a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading," that party may move "for a more definite statement." Minn. R. Civ. P. 12.05. A motion under Rule 12.05 "shall point out the defects complained of and the details desired."

Finally, to the extent that U.S. Bank promotes the plausibility standard as a way to reduce the cost of discovery, our rules of civil procedure (including recent amendments) already provide a variety of case-management tools to promote "the just, speedy, and

12

inexpensive determination of every action." *See* Minn. R. Civ. P. 1.  In February 2013, upon recommendation of the Civil Justice Reform Task Force, we adopted amendments aimed at "facilitating more cost effective and efficient civil case processing."[2]

Minnesota Rule of Civil Procedure 26 as amended gives the district court considerable discretion to manage discovery.  Under Rule 26.02(b), discovery must "comport with the factors of proportionality, including without limitation, the burden or expense of the proposed discovery weighed against its likely benefit."  Rule 26.03 authorizes protective orders that limit discovery to "certain matters."  Rule 26.04(b) gives the district court authority upon motion to control the sequence of discovery "for the convenience of parties and witnesses and in the interests of justice."

To summarize, U.S. Bank has not presented a compelling reason, based on Rule 8.01's plain language, purpose and history, or context, to overrule *Olson* and *Franklin*. Accordingly, we decline to adopt the plausibility standard.

IV.

Having reaffirmed the traditional pleading standard for civil actions in Minnesota, thereby resolving the significant question of interest that extends well beyond this case, we now address whether Walsh's complaint satisfies that standard.  We review de novo whether a complaint sets forth a legally sufficient claim for relief.  *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 831 (Minn. 2011).  We accept the facts alleged in the

---

[2]     *Order Adopting Amendments to the Rules of Civil Procedure and General Rules of Practice Relating to the Civil Justice Reform Task Force*, Nos. ADM10-8051, ADM09-8009, ADM04-8001, at 1 (Minn. filed Feb. 4, 2013).

complaint as true and construe all reasonable inferences in favor of the nonmoving party. *Bahr*, 788 N.W.2d at 80.

A.

The theory of Walsh's complaint is ineffective service of the foreclosure-related documents under Minn. Stat. § 580.03 and Minn. R. Civ. P. 4.03(a). Minnesota Statutes § 580.03 requires that notice of a foreclosure sale "be served in like manner as a summons in a civil action." The rule that governs a summons in a civil action upon an individual, Minn. R. Civ. P. 4.03(a), requires that notice be delivered in one of two ways: (1) personally; or (2) "by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then *residing* therein." (Emphasis added.)

Under the first method of service—personal service—it is unnecessary that the owner of the mortgaged premises physically accept the documents from the process server. "[I]f the process server and the [owner] are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the [documents]." *Nielsen v. Braland*, 264 Minn. 481, 484, 119 N.W.2d 737, 739 (1963).

Under the second method of service—substitute service—the documents need not be served on the owner so long as they are left with a person of suitable age and discretion *residing* within the owner's usual place of abode. In this context, at the time of service, a person's mere physical presence at the owner's usual place of abode does not establish that the person was a resident therein. *See Heffner v. Gunz*, 29 Minn. 108, 109-

14

10, 12 N.W. 342, 342-43 (1882); *O'Sell v. Peterson*, 595 N.W.2d 870, 872 (Minn. App. 1999).

B.

Walsh's complaint satisfies the traditional pleading standard for civil actions in Minnesota. It contains two key factual assertions that, when accepted as true, adequately contest personal and substitute service.

First, Walsh asserts that neither she nor her roommate was served with the foreclosure-related documents.[3] The reasonable inference from this assertion is that Jane Doe, who, as Walsh admits, *was* served with the documents, is not the same person as Walsh. As a result, Walsh's complaint adequately contests personal service.

Second, Walsh asserts that she and her roommate were the only residents of the property on the date of the attempted service. The reasonable inference from this assertion is that Jane Doe did not reside at the property. This appears to be consistent with the report of U.S. Bank's process server in which Jane Doe is described only as an

---

[3] U.S. Bank labels Walsh's first assertion as a legal conclusion that should be disregarded. It is true that, when determining whether a complaint survives a motion to dismiss for failure to state a claim, we are not bound by the legal conclusions pleaded, *Hebert*, 744 N.W.2d at 235, and that adequacy of service is an issue of law, *Roehrdanz v. Brill*, 682 N.W.2d 626, 629 (Minn. 2004). But it is also true that the word "serve" has a non-legal, factual meaning. Among other things, "serve" means "to furnish or supply (one) with something needed." *Webster's Third New International Dictionary* 2075 (3d ed. 2002). Therefore, it is possible (and perhaps likely) that Walsh's complaint invokes the non-legal, factual dimension of "serve" in order to assert that neither she nor her roommate was furnished or supplied with the foreclosure-related documents. Furthermore, to liken Walsh's use of the word "served" to a legal conclusion would run counter to the rule that we are to liberally construe pleadings in favor of the pleader, *e.g.*, *Olson*, 246 Minn. at 38, 74 N.W.2d at 129, and that "[n]o technical forms of pleading . . . are required," Minn. R. Civ. P. 8.05(a).

"occupant" of the property. And while nothing in Walsh's complaint specifically addresses what Jane Doe's connection to the property was, at the pleading stage, "absolute specificity" is not required. *Hansen*, 813 N.W.2d at 917-18. We accept as true all factual allegations in a complaint, even broad ones. *See Bahr*, 788 N.W.2d at 80.

Therefore, Walsh's complaint satisfies the traditional pleading standard for civil actions in Minnesota.

Affirmed.

GILDEA, Chief Justice (concurring).

I agree with the majority that Walsh's complaint survives a motion to dismiss. I write separately, however, because I believe the majority decides an issue that it need not resolve in this case. Specifically, the majority rejects part of the pleading standard the Supreme Court applied in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In my view, because Walsh's complaint satisfies that pleading standard, there is no reason for our court to decide whether to adopt such a standard. We have recognized that "judicial restraint bids us to refrain from deciding any issue not essential to the disposition of the particular controversy before us." *Lipka v. Minn. Sch. Emps. Ass'n, Local 1980*, 550 N.W.2d 618, 622 (Minn. 1996); *see also State v. Vang*, 847 N.W.2d 248, 265 n.9 (Minn. 2014) (refusing to decide an issue that "is not necessary to the disposition of appellant's case"); *Navarre v. S. Wash. Cnty. Sch.*, 652 N.W.2d 9, 32 (Minn. 2002) (refusing to decide issues that "are not dispositive to our decision"). Because the majority departs from this precedent of restraint today, I write separately.

Two principles emerge from *Twombly* and *Iqbal*. *Iqbal*, 556 U.S. at 678. Under the first principle, the court is not bound by alleged legal conclusions when deciding whether a complaint survives a motion to dismiss. *Id*. As the majority notes, we have already adopted that principle. *See Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 235 (Minn. 2008). The majority describes the second principle as the "plausibility standard," under which the plaintiff can survive a motion to dismiss only if her complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In my view, we do not need to decide in this case whether we should adopt the second principle because even if that were the pleading standard in Minnesota, Walsh's complaint satisfies it.

As the majority notes, Walsh's complaint alleges that neither she nor her roommate was served with the complaint. Walsh also alleges that she and her roommate were the only residents of the property on the date the complaint was served. Rather than serving a resident of the property, the complaint alleges that Jane Doe, a nonresident, was served. As the majority also notes, the complaint does not explain whether there was a nexus between Jane Doe and Walsh. But under *Twombly*, a complaint need not contain detailed factual allegations. *Twombly*, 550 U.S. at 555 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . ."). All that *Twombly* requires is enough facts to raise a right to relief above a speculative level. *Id*. In alleging that neither of the people who reside at the property was served, Walsh's complaint meets the *Twombly* standard in my view.

Nevertheless, U.S. Bank argues that Walsh's complaint fails to satisfy *Twombly* because the complaint (1) contains legal conclusions and (2) is merely consistent with ineffective service. Neither argument is convincing.

U.S. Bank argues that we should disregard Walsh's assertion that neither she nor her roommate was served with the foreclosure-related documents because this assertion is a legal conclusion. But as the majority notes, whether someone was "served" can be both a legal conclusion and a question of fact. It is certainly plausible (even likely) that

Walsh's complaint invokes the non-legal, factual dimension of "serve" in order to assert that neither she nor her roommate was furnished or supplied with the foreclosure-related documents. Indeed, U.S. Bank itself invokes the non-legal, factual dimension of the word when it argues that the following is one of the few purely *factual* allegations in Walsh's complaint: "notice of foreclosure was *served* on an adult female Jane Doe."

In addition to faulting Walsh's complaint for allegedly containing legal conclusions, U.S. Bank also argues that the complaint's factual allegations are only *consistent* with ineffective service. Under *Twombly*, pleadings that are merely consistent with a cause of action do not make a complaint plausible. *Twombly*, 550 U.S. at 557. In *Twombly*, for example, the plaintiffs' allegations of parallel conduct, while consistent with a contract, combination, or conspiracy in restraint of trade, could have been prompted by lawful, independent goals that do not constitute a conspiracy. *Id*. at 565-67. Here, by contrast, the allegations in Walsh's complaint, accepted as true, lead to a single conclusion: ineffective service. After all, if Walsh and her roommate were the only residents of the property at the time of service, service upon someone else (i.e., Jane Doe) was not effective. *See* Minn. R. Civ. P. 4.03(a) (noting that service upon an individual shall be "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein").

In sum, I would hold that Walsh's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, in my view, the complaint satisfies the standard set out in *Twombly*. Because Walsh's

complaint survives even under *Twombly*, there is no reason for our court to determine in this case whether we should depart from the Supreme Court's interpretation of a federal rule of civil procedure that is virtually identical to our own rule of civil procedure.


DIETZEN, J. (concurring).

I join in the concurrence of Chief Justice Gildea.