STATE OF MINNESOTA
 IN COURT OF APPEALS
 A15-2045

 Todd Burt,
 Appellant,

 vs.

 Rackner, Inc. d/b/a Bunny’s Bar & Grill,
 Respondent.

 Filed June 27, 2016
 Reversed and remanded
 Rodenberg, Judge

 Hennepin County District Court
 File No. 12-CV-15-11477

Mark R. Bradford, Andrew L. Marshall, Christine E. Hinrichs, Bassford Remele, P.A.,
Minneapolis, Minnesota (for appellant)

Sarah E. Bushnell, Jeffrey M. Markowitz, Arthur, Chapman, Kettering, Smetak & Pikala,
P.A., Minneapolis, Minnesota (for respondent)

 Considered and decided by Peterson, Presiding Judge; Bjorkman, Judge; and

Rodenberg, Judge.

 SYLLABUS

 In a civil action by an employee seeking redress for having been fired in violation

of the Minnesota Fair Labor Standards Act (MFLSA), the statute unambiguously

provides that the employee may seek wrongful-discharge damages, including back pay

and other appropriate relief as provided by law.
 OPINION

RODENBERG, Judge

 Appellant Todd Burt challenges the district court’s dismissal of his complaint

seeking damages for wrongful discharge in violation of the Minnesota Fair Labor

Standards Act (MFLSA). He argues that the MFLSA authorizes an action to recover

damages, including back pay, when an employee is fired for refusing to comply with an

employer’s illegal requirement that the employee consent to the employer’s violation of

the MFLSA as a condition of continued employment. We reverse and remand.

 FACTS

 This is an appeal from the district court’s judgment on the pleadings. We

therefore review and accept as true the facts as alleged in the complaint. See Walsh v.

U.S. Bank, N.A., 851 N.W.2d 598, 606 (Minn. 2014).

 Appellant alleges that respondent Rackner, Inc. d/b/a Bunny’s Bar & Grill

employed him from January 2007 to July 21, 2014. Sometime before July 21, 2014,

appellant “had been told that he needed to give more of his tips to the bussers, and that

there would be consequences if that did not happen.” Appellant alleges that the

tip-sharing requirement is prohibited by Minn. Stat. § 177.24, subd. 3 (2014). He did not

share tips as respondent had directed. On July 21, 2014, appellant met with respondent’s

co-owners in the restaurant’s office. At that meeting, respondent fired appellant “because

[appellant] was not properly sharing his tips with other staff.” Appellant unsuccessfully

sought other employment.

 2
 On July 2, 2015, appellant sued respondent, alleging that respondent wrongfully

terminated his employment in violation of the MFLSA.1 Respondent answered the

complaint and moved for judgment on the pleadings. The district court granted

respondent’s motion for judgment on the pleadings, concluding that the MFLSA “does

not contemplate an action for wrongful discharge” and that “if the Legislature had

intended for employees [to] be able to sue for wrongful discharge, it would have included

that language explicitly in the MFLSA, as it has done in numerous other statutes.”

 This appeal followed.

 ISSUE

 Does the provision of the MFLSA authorizing a private cause of action by an

employee “seeking redress for a violation” of the fair labor standards include

wrongful-discharge damages where the plaintiff alleges that he was fired for refusing to

comply with an employer’s illegal condition of continued employment?

 ANALYSIS

 A district court may grant judgment on the pleadings if a complaint fails to set

forth a legally sufficient claim for relief. Minn. R. Civ. P. 12.03. In deciding a motion

for judgment on the pleadings, the district court must take the facts alleged in the

complaint as true and draw all inferences in favor of the nonmoving party. Bodah v.

Lakeville Motor Express, Inc., 663 N.W.2d 550, 553 (Minn. 2003) (reviewing dismissal

1
 Appellant separately claimed that respondent unlawfully withheld appellant’s personnel
record after he had requested it, in violation of Minn. Stat. § 181.961 (2014). Appellant
acknowledges that, because respondent has since provided him with a copy of his
personnel record, that claim is moot. We therefore do not address it.

 3
on the pleadings for failure to state a claim under Minn. R. Civ. P. 12.02(e)). We review

a district court’s grant of judgment on the pleadings de novo. Id.

 Appellant alleges that he was “terminated because [he] was not properly sharing

his tips with other staff” and that this “violated Minn. Stat. § 177.24, subd. 3,” which

“prohibits an employer from requiring an employee to contribute or share a gratuity . . .

with the employer or other employees.” Appellant’s only claim on appeal is that he was

fired for refusing to participate in an illegal tip-sharing pool and that his discharge for this

reason entitles him to sue for damages under the MFLSA. He argues that the damages he

is entitled to seek under Minn. Stat. § 177.27, subd. 8 (2014), include back pay and other

wrongful-discharge remedies. This presents a statutory-interpretation question. We

review de novo. Bass v. Equity Residential Holdings, LLC, 849 N.W.2d 87, 91 (Minn.

App. 2014).

 A. The At-Will Doctrine and Wrongful Discharge

 In Minnesota, the at-will doctrine generally governs employment relationships.

Dukowitz v. Hannon Sec. Servs., 841 N.W.2d 147, 150 (Minn. 2014). Under the at-will

doctrine, “an employer may discharge an employee for ‘any reason or no reason’ and . . .

an employee is ‘under no obligation to remain on the job.’” Id. (quoting Pine River State

Bank v. Mettille, 333 N.W.2d 622, 627 (Minn. 1983)). The Minnesota Legislature has

created several statutory exceptions to the at-will rule authorizing employees to sue for

wrongful discharge. See, e.g., Minn. Stat. §§ 144.4196, subd. 2(a) (2014) (“An employer

shall not discharge . . . a[n] . . . employee . . . because the employee has been in isolation

or quarantine.”); 176.82, subd. 1 (2014) (“Any person discharging . . . an employee for

 4
seeking workers’ compensation benefits . . . is liable in a civil action.”); 182.669, subd. 1

(2014) (stating that “[a]n employee may bring a private action in district court for relief

under this section,” which covers employees discharged for asserting OSHA rights);

593.50, subd. 3 (2014) (“If an employer discharges an employee in violation of

subdivision 1 the employee . . . may bring a civil action.”).

 In reviewing a statute, Minnesota courts consider whether the plain language of

the statute either expressly or through clear implication creates a civil cause of action.

Larson v. Nw. Mut. Life Ins. Co., 855 N.W.2d 293, 301 (Minn. 2014). Courts “often look

to dictionary definitions to determine the plain meaning of words.” Id. The Minnesota

Supreme Court has specifically cautioned against recognizing a cause of action that

would abrogate the common law. See Dukowitz, 841 N.W.2d at 154 (“[T]he Legislature

abrogates the common law only by express wording or necessary implication.”);

Goodyear Tire & Rubber Co. v. Dynamic Air, Inc., 702 N.W.2d 237, 244 (Minn. 2005)

(“In enacting statutes, we presume that the legislature acts with full knowledge of

existing law. We generally presume that a statute is consistent with the common law and,

if the legislature intends to enact a statute that abrogates the common law, the legislature

will do so by express wording or necessary implication.”).

 B. The MFLSA Tip-Sharing-Pool Prohibition and Cause of Action

 The MFLSA identifies a number of fair labor standards to which employers must

adhere, including minimum-wage requirements, with the stated purpose of maintaining

the “health, efficiency, and general well-being” of workers, and protecting those interests

from “unfair competition.” Minn. Stat. § 177.22 (2014). Among other prohibitions in

 5
the MFLSA, Minn. Stat. § 177.24, subd. 3, prohibits employers from requiring

employees to participate in tip-sharing pools. The statute provides:

 [A]ny gratuity received by an employee or deposited in or
 about a place of business for personal services rendered by an
 employee is the sole property of the employee. No employer
 may require an employee to contribute or share a gratuity
 received by the employee with the employer or other
 employees or to contribute any or all of the gratuity to a fund
 or pool operated for the benefit of the employer or employees.
 This section does not prevent an employee from voluntarily
 sharing gratuities with other employees. The agreement to
 share gratuities must be made by the employees without
 employer coercion or participation. . . .

Id.

 The MFLSA unambiguously provides for a private cause of action in district court

by an employee against his or her employer when the employer violates the act’s

provisions: “An employee may bring a civil action seeking redress for a violation . . . of

sections 177.21 to 177.44 directly to district court.” Minn. Stat. § 177.27, subd. 8.2

Concerning the relief available in such an action, subdivision 8 permits an aggrieved

employee to “seek damages and other appropriate relief provided by subdivision 7.” Id.

2
 The Minnesota Supreme Court has noted that subdivision 8 imprecisely defines “the
scope of actionable violations under the MFLSA” because it names every section of the
act, including “those sections setting forth the proper citation of the Act, the statement of
purpose of the Act, the powers and duties of the Division of Labor Standards,” and other
sections that “the legislature clearly did not contemplate that an employer could be liable
for [violating].” Milner v. Farmers Ins. Exch., 748 N.W.2d 608, 614 (Minn. 2008).
Milner involved a class action against an insurance-company employer that treated claim
representatives as “exempt” from MFLSA wage-and-overtime standards. Id. at 610. The
Milner court distinguished between “misclassifying” an employee and an “affirmative
requirement” violated by the employer, such as “the obligation to pay minimum wages,
. . . the obligation to pay overtime, . . . [and] to provide rest and meal breaks . . . .” Id. at
614-15.

 6
Subdivision 7 provides for damage awards that include “back pay, gratuities, and

compensatory damages.” Id., subd. 7.

 Respondent argues, and the district court ruled, that because Minn. Stat. § 177.24,

subd. 3, contains no express prohibition on discharging an employee who declines to

participate in an illegal tip-pooling arrangement, there is no private cause of action for

wrongful discharge in such a circumstance and the general Minnesota at-will doctrine

governs.

 Taking appellant’s factual claims as true, as we must in the procedural posture of

reviewing the dismissal of a complaint for failure to state a claim upon which relief can

be granted, Bodah, 663 N.W.2d at 553, appellant claims that his employment was

“terminated because [he] was not properly sharing his tips . . . .” At oral argument,

counsel for respondent conceded that dismissing appellant was “arguably” a violation of

the statute but, because he was never actually compelled to share tips, “he didn’t lose any

money.” Respondent argues that the only remedy available for a MFLSA violation in

these circumstances is the recovery of any tips actually shared because of the illegal

requirement. And, because appellant never actually shared tips, respondent argues that

there is no remedy available to appellant. At oral argument, respondent went so far as to

argue that an employee who is fired for refusing to go along with an employer’s illegal

policy—specifically, working for $0.25 per hour in violation of Minn. Stat. § 177.24,

subd. 1(b) (2014)—cannot sue for wrongful discharge under the MFLSA.

 First, we are persuaded that appellant’s complaint states a claim upon which relief

can be granted. Appellant’s allegation is not limited to claiming that he was fired on

 7
July 21, 2014 for not agreeing to share tips after that date. He claims that he was fired for

not having shared his tips before that date. Therefore, and although appellant does not

claim that he specifically lost tip money because of the illegal requirement, he does allege

that he was fired and lost money because of his resulting unemployment.

 The cause of action created by Minn. Stat. § 177.27 broadly applies to any

violation of the MFLSA, including a violation of Minn. Stat. § 177.24, subd. 3. The

relief available under subdivision 7 includes “back pay,” an item of damages that

typically flows from a wrongful termination. Id., subd. 7. The statute also broadly

permits a wronged employee to “seek damages and other appropriate relief . . . as

otherwise provided by law.” Id., subd. 8. Where, as here, an employee claims to have

been discharged in violation of the MFLSA, resulting in lost wages by reason of the

employee’s resulting unemployment, the remedies available for violation of the MFLSA

include the ordinary wrongful-discharge money damages.

 Our conclusion is reinforced by the Minnesota Supreme Court’s decision in

Nelson v. Productive Alternatives, Inc., 715 N.W.2d 452 (Minn. 2006), considering

whether the Minnesota Whistleblower Act abrogated the public-policy exception to the

at-will doctrine. Id. at 455. The supreme court in Nelson introduced the at-will doctrine

and noted that “there are several statutory exceptions to the at-will rule.” Id. at 454. In a

footnote to that point, the supreme court identified three examples of statutory exceptions

to the at-will rule. Id. at 454 n.1.3 The second of those examples concerns the polygraph

3
 The first and third examples concern statutes with language materially different than
Minn. Stat. § 177.27, subd. 8. See Minn. Stat. § 176.82, subd. 1 (“Any person

 8
statute, which the supreme court described as providing “a cause of action for employees

who are discharged in retaliation for refusing to take a lie-detector test.” 715 N.W.2d at

454 n.1; see Minn. Stat. § 181.75, subd. 4 (2014) (providing cause of action for “any

person injured by a violation” of the polygraph statute). Notably, the polygraph statute

does not expressly provide a wrongful-discharge cause of action or prohibit employers

from discharging employees who refuse to take a polygraph test. See Minn. Stat.

§ 181.75 (2014). Subdivision 1 of the statute, however, includes the same prohibition as

the tip-sharing statute: “No employer . . . shall . . . require a polygraph [test].” Id., subd.

1 (emphasis added).

 Respondent argues that the supreme court’s reference in Nelson was not necessary

to its holding concerning the Whistleblower Act, and as such, was dicta. Naftalin v.

King, 257 Minn. 498, 503, 102 N.W.2d 301, 304 (1960) (stating that a comment

concerning a legal proposition not essential to the case is dicta and is not binding). We

agree that the footnote concerning section 181.75 was not necessary to the holding in the

case. Nevertheless, Nelson is instructive because the supreme court there considered the

polygraph statute—a statute employing language similar to the MFLSA cause-of-action

provision—and observed that the language created a wrongful-discharge cause of action.

715 N.W.2d at 454 n.1. And the supreme court had previously considered the breadth of

remedies available for violations of the polygraph statute, including compensatory and

punitive damages from emotional distress. See generally Bucko v. First Minn. Sav. Bank,

discharging . . . an employee for seeking workers’ compensation benefits . . . is liable in a
civil action.”); 593.50 (2014) (forbidding discharges in retaliation for fulfilling jury duty).
Those examples are not particularly instructive here.

 9
F.B.S., 471 N.W.2d 95 (Minn. 1991) (addressing damages available to employees whose

employer required them to take a polygraph test).

 We think Nelson represents a sensible way of understanding the breadth of the

civil action authorized by the MFLSA prohibition on “requiring” an employee to submit

to an employer’s illegal policy or practice. See Minn. Stat. §§ 177.24, subd. 3; 181.75,

subd. 1. Where an employer requires, as a condition of continued employment, that an

employee consent to working rules expressly prohibited by the MFLSA, the employee is

authorized by the statute to sue for damages normally associated with a

wrongful-discharge cause of action. The language in Nelson is inconsistent with the

interpretation of the statute posited by respondent: That an employee who is compelled

to work under conditions violating the MFLSA can sue for the amounts not paid by the

employer as required by the statute, but if the employee refuses to go along with the

illegal working requirement and is fired, the employee is just out of luck. That position is

inconsistent with the plain language of the statute, the supreme court’s consideration of

similar language in Nelson, and any common-sense understanding of the legislature’s

intention in broadly providing employees a civil remedy for MFLSA violations. Minn.

Stat. § 645.16 (2014) (“The object of all interpretation and construction of laws is to

ascertain and effectuate the intention of the legislature.”).

 DECISION

 Appellant’s claim that respondent terminated him for refusing to comply with

respondent’s requirement that employees share tips, in violation of Minn. Stat. § 177.24,

subd. 3, states a cause of action under Minn. Stat. § 177.27. Minn. Stat. § 177.27, subds.

 10
7 and 8, unambiguously allow the recovery of damages flowing from an illegal

termination. Appellant’s complaint states a cause of action recognized by the MFLSA.

We therefore reverse and remand for proceedings consistent with this opinion.

 Reversed and remanded.

 11