*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0217**

Alysa Zimmerle,
Appellant,

vs.

X-Pole USA, LLC,
Respondent.

**Filed July 25, 2016
Affirmed
Toussaint, Judge***

Washington County District Court
File No. 82-CV-15-5582

Dean M. Salita, Brabbit & Salita, P.A., Minneapolis, Minnesota (for appellant)

X-Pole USA, LLC, North Hollywood, California (respondent)

Considered and decided by Cleary, Chief Judge; Connolly, Judge; and Toussaint, Judge.

**U N P U B L I S H E D   O P I N I O N**

**TOUSSAINT**, Judge

Appellant Alysa Zimmerle challenges the district court's order dismissing her lawsuit under Minn. R. Civ. P. 5.04(a) for failing to file the action with the district court

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

within one year after serving respondent X-Pole USA LLC.  Appellant argues that rule 5.04(a) does not apply when a defendant is in default.  Because rule 5.04(a) does not provide an exception for cases in which a defendant is in default, we affirm.

## D E C I S I O N

Appellant argues that Minn. R. Civ. P. 5.04(a) does not apply to cases in which a defendant is in default.  Appellate courts interpret the Minnesota Rules of Civil Procedure de novo.  *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014).  "When interpreting a rule, [appellate courts] look first to the plain language of the rule and its purpose."  *Id.*  "Where the language is plain and unambiguous, that plain language must be followed."  *Id.* (quotation omitted).  "Ambiguity exists only if the language of a rule is subject to more than one reasonable interpretation."  *Id.*

Minn. R. Civ. P. 5.04(a) states:

> Deadline for Filing Action.  Any action that is not filed with the court within one year of commencement against any party is deemed dismissed with prejudice against all parties unless the parties within that year sign a stipulation to extend the filing period.  This paragraph does not apply to family cases governed by rules 301 to 378 of the General Rules of Practice for the District Courts.

Appellant does not identify any ambiguities.  Under the plain language of the rule, an action that is not filed with the district court within one year of commencement of the action is deemed dismissed with prejudice unless the parties have signed a stipulation to extend the filing period.  The rule does not provide an exception for cases in which a defendant is in default.  Because appellant did not file the action within one year of serving

2

respondent, and the parties did not sign a stipulation to extend the filing period, the district court did not err in dismissing the case under rule 5.04(a).[1]

**Affirmed.**

---

[1] Appellant urges this court to apply "the spirit" of Minn. R. Civ. P. 60.02 and cites two cases addressing the application of rule 60.02 after dismissal under rule 5.04(a). By order of a special term panel, this court has already ruled that "[b]ecause appellant has not filed a motion for relief under Minn. R. Civ. P. 60.02 [in district court], the application of rule 60.02 is not before us in this appeal."