*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1112**

Nanette Brooks, et al., parents and natural guardians of minor A.B.,
Appellants,

vs.

Tracy Crudo individually, and as parent of minor V.C.,
Respondent.

**Filed March 18, 2024
Reversed and remanded
Frisch, Judge**

Anoka County District Court
File No. 02-CV-22-4954

Michael A. Bryant, Bradshaw & Bryant, PLLC, Waite Park, Minnesota (for appellants)

Francis J. Rondoni, Jennifer J. Crancer, Andrew C. Case, Chestnut Cambronne PA, Minneapolis, Minnesota (for respondent)

Considered and decided by Frisch, Presiding Judge; Worke, Judge; and Gaïtas, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

Appellants challenge the dismissal of their parental-liability negligence complaint for failure to state a claim upon which relief can be granted, arguing that the district court erred by dismissing a pleading that contains sufficient allegations that a parent breached a

duty to prevent her child from engaging in misconduct. Because the complaint sets forth a legally sufficient claim for relief, we reverse and remand.

## FACTS

For this appeal, we accept the allegations in the complaint as true. *See Abel v. Abbott Nw. Hosp.*, 947 N.W.2d 58, 64 n.2 (Minn. 2020) (stating that "we accept the factual allegations in the complaint as true" when reviewing a district court's order granting a motion to dismiss).

Appellants Nanette Brooks and Brian Brooks and respondent Tracy Crudo are next-door neighbors. During the summer of 2016, Crudo's minor child V.C. engaged in "unpermitted, harmful, and offensive sexual contact" with the Brookses' minor child A.B. on both the Brookses' and Crudo's properties. Crudo learned of this behavior and informed the Brookses that she discovered inappropriate photos on V.C.'s camera. Thereafter, the children were kept apart until spring 2018. When the children resumed playing together in 2018, the sexual contact resumed, occurring on Crudo's property in the backyard, garage, and V.C.'s bedroom. Crudo allowed V.C. and A.B. to play together without supervision during this time. The sexual contact continued until 2021 and caused harm to A.B.

The Brookses brought this action against Crudo seeking to hold her liable for the negligent acts of V.C. Crudo's negligence is based on general allegations that Crudo knew of the sexual contact between V.C. and A.B. occurring in 2016 and therefore knew of V.C.'s dangerous propensities; Crudo did not supervise V.C. and A.B. when the children were later playing on her property; V.C. engaged in unpermitted sexual contact with A.B.; and the contact harmed A.B.

2

Crudo moved to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Minn. R. Civ. P. 12.02(e). The Brookses opposed Crudo's motion to dismiss, arguing that the allegations set forth in the complaint sufficiently stated a claim under a parental-liability theory of negligence. The district court granted Crudo's motion and dismissed the case, concluding that the Brookses failed to plead sufficient facts to show that Crudo had a duty to control V.C. or breached any existing duty by acting unreasonably.

This appeal follows.

## DECISION

We review a district court's dismissal for failure to state a claim de novo and must "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Engstrom v. Whitebirch, Inc.*, 931 N.W.2d 786, 790 (Minn. 2019) (quotation omitted). Because "Minnesota is a notice-pleading state," a complaint "only [needs] information sufficient to fairly notify the opposing party of the claim against it." *DeRosa v. McKenzie*, 936 N.W.2d 342, 346 (Minn. 2019) (quotation omitted). And a plaintiff may plead their case using "broad general statements that may be conclusory." *Id.* (quotation omitted).

The Brookses conceded at oral argument that, notwithstanding the fact that the complaint sets forth multiple theories of negligence, the pleading states a claim only for negligence arising out of allegations that Crudo breached a duty to control V.C. The elements of negligence are duty, breach of duty, proximate cause, and injury. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). The district court dismissed the complaint

3

because it reasoned that the complaint does not contain factual allegations supporting a conclusion that Crudo had a duty to control V.C. or that Crudo had the opportunity and ability to control V.C. and did not do so. In other words, the district court dismissed the complaint for failure to allege "sufficient facts" to support that Crudo had a duty and breached that duty.

The Brookses argue that the district court erred by dismissing their claims against Crudo because the complaint contains minimally sufficient allegations that Crudo had a duty to control V.C. under a parental-liability theory. A person has a duty to control another from causing harm only if they have a "'special relationship'" and the harm is foreseeable. *Lundgren v. Fultz*, 354 N.W.2d 25, 27 (Minn. 1984). Minnesota recognizes a special relationship between parent and child "when the parent has both the opportunity and ability to control the child." *Silberstein v. Cordie*, 474 N.W.2d 850, 855-56 (Minn. App. 1991) (citing Restatement (Second) of Torts § 316(b) (1965)), *rev'd on other grounds*, 477 N.W.2d 713 (Minn. 1991). More specifically, a parent has a duty to exercise "reasonable supervision and control over their minor child so as to prevent [them] from creating an unreasonable risk of bodily harm to others" if the parent "know[s], or ha[s] reason to know, of the necessity and opportunity for exercising such control" and is "chargeable with knowledge of the dangerous or violent propensities of the child." *Republic Vanguard Ins. Co. v. Buehl*, 204 N.W.2d 426, 429 (Minn. 1973). We conclude that the Brookses sufficiently pleaded their claim because they included allegations that (1) Crudo knew or had reason to know of the necessity to control V.C., (2) Crudo had the ability to control V.C., and (3) the harm to A.B. was foreseeable. *See Halva v. Minn. State*

4

*Colls. & Univs.*, 953 N.W.2d 496, 503 (Minn. 2021) ("No longer is a pleader required to allege facts and every element of a cause of action." (quotation omitted)).

First, the complaint included allegations that Crudo knew or had reason to know of the necessity to control V.C. *See id.* (stating that a parent's duty to control depends, in part, on whether they "kn[e]w, or ha[d] reason to know, of the necessity and opportunity for exercising such control" and are "chargeable with knowledge of the dangerous or violent propensities of the child"). Paragraphs 14 and 19 of the complaint contain allegations that Crudo had reason to know of the necessity to control V.C. because Crudo knew of the "prior unpermitted, harmful, and offensive sexual contact" committed by V.C. against A.B. in 2016, including "inappropriate pictures on V.C.'s camera" (paragraph 5). These allegations are sufficient to notify Crudo that her duty arose from the allegation that she knew or should have known that V.C. had a propensity for harmful behavior.

In its order dismissing the complaint, the district court reasoned these allegations were insufficient to state that a duty arose because two years had passed between the known offensive sexual contact and the alleged negligent failure to supervise and control V.C., and because the Brookses also allowed the children to resume playing together. These considerations are not relevant to whether the pleading states a claim for relief and instead reflect the district court's assessment of the strength of the underlying claim. *See DeRosa*, 936 N.W.2d at 346 ("Minnesota is a notice-pleading state and does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it." (quotation omitted)); *Martens v. Minn. Mining &*

5

*Mfg. Co.*, 616 N.W.2d 732, 739 (Minn. 2000) (explaining that, in deciding sufficiency of allegations, "it is immaterial whether or not the plaintiff can prove the facts alleged").

Second, the complaint included allegations that Crudo had an ability to control V.C. *See Buehl*, 204 N.W.2d at 429 (stating that where a parent knows of a need to control their minor child, a parent must also have an "opportunity for exercising such control"). The complaint contains allegations that V.C. was a minor living with Crudo (paragraph 2), V.C.'s harmful actions took place while at Crudo's home (paragraphs 3 and 7), Crudo found inappropriate pictures on V.C.'s camera (paragraph 5), and the children "play[ed] together" after the photos were found (paragraph 6). The complaint also contains allegations that the children were kept apart for two years following the inappropriate contact, until such time that they were "allowed" to resume playing together (paragraphs 5-6), Crudo "allowed V.C. and A.B. to play together without supervision" (paragraph 15), and Crudo had the "opportunity to observe and control" V.C. during the relevant time (paragraph 20). These allegations reasonably notify Crudo that the alleged duty arose from her ability to control V.C.

Crudo and the district court suggest that these allegations inadequately plead that Crudo had an ability to control V.C. We agree that the Brookses *could* have included additional allegations supporting the existence of Crudo's duty. We also agree that the fact that V.C. is a minor child, standing alone, is insufficient to create a duty. But the totality of allegations sufficiently state that Crudo had an ability to control V.C. The allegations that V.C. was a minor who "play[ed]" with A.B. in Crudo's home, that Crudo discovered inappropriate pictures on V.C.'s camera, and that following the 2016 sexual contact with

6

A.B., the children were "kept . . . apart" for two years support a reasonable inference that the nature of *this* parent-minor-child relationship suggests that Crudo had the ability to control V.C. *See Silberstein*, 474 N.W.2d at 855-56 (determining that parental liability applied to parents of a 27-year-old with mental-health issues because he lived with his parents and who assumed responsibility of his day-to-day care); *see also Buehl*, 204 N.W.2d at 429 (discussing parental liability where a parent provides an instrumentality to a child causing harm).[1]

Third, the complaint included allegations that the harm to A.B. was foreseeable. *See Lundgren*, 354 N.W.2d at 27-28 ("Even if the ability to control another's conduct exists, there is no duty to control that person unless the harm is foreseeable."); *see also Buehl*, 204 N.W.2d at 429 (stating that where a duty arises under parental liability, necessity to control depends, in part, on the particular circumstances of the harm). In paragraph 7, the complaint sets forth allegations that V.C. engaged in sexual contact with A.B. at the same location (places in or on Crudo's property) as the alleged sexual contact that occurred in 2016 (paragraph 3). And the complaint included allegations that after Crudo discovered the contact, the children were "kept . . . apart" for two years even though they lived next door to each other (paragraphs 1-2 and 5). *See Silberstein*, 474 N.W.2d at 856 (considering

---

[1]  The complaint also contains a conclusory statement regarding Crudo's purported "vicarious" liability. This is a legal conclusion, not a factual allegation, and is therefore "not binding" on appellate courts. *Halva*, 953 N.W.2d at 501 (quotation omitted). Even so, as discussed, Minnesota law specifically provides for circumstances under which a parent may be liable for harm caused by their minor child, namely where a parent has a duty to control their child and fails to do so. Minnesota law does not recognize parental liability for the acts of a minor child simply by virtue of the existence of a parent-minor-child special relationship.

7

foreseeability an issue of fact where a parent knew their son was experiencing similar symptoms of a mental-health crisis that led to a prior threat against the same person he eventually killed). These allegations notify Crudo of the basis of the Brookses assertion that the harm V.C. inflicted was foreseeable to Crudo.[2]

Finally, the Brookses argue that the district court erred by concluding that the complaint did not contain sufficient allegations that Crudo breached her duty to control V.C. We agree, as paragraph 19 of the complaint plainly provides that Crudo had the "opportunity to observe and control the behavior of V.C." and "failed to." At this procedural posture, we accept these allegations as true. *Abel*, 947 N.W.2d at 68. And because it is possible based on the allegations in the Brookses complaint, accepted as true, that evidence "might be produced, consistent with [the Brookses'] theory, to grant the relief demanded" the complaint contains sufficient allegations that Crudo breached her duty to control V.C.[3] *Id.* (quotation omitted).

---

[2] Crudo argues that the allegations of foreseeable harm are self-defeating because the Brookses allowed the children to play together again in 2018 and therefore the risk of the harm caused by the sexual contact was not foreseeable. This argument might support a defense to liability but is irrelevant to whether the pleading states a claim for relief.

[3] Crudo focuses her assertions of deficiency on a "reasonability" inquiry and cites *Anderson v. Stream*, 295 N.W.2d 595, 599 (Minn. 1980), as establishing the applicable standard of care. But *Anderson* considers a parent's liability in the context of their duty of care toward their own child and not a duty to exercise control of their child. 295 N.W.2d at 596-97 (eliminating the doctrine of parental immunity in child-versus-parent negligence claims). Moreover, the issue of breach is a question of fact. *Smits as Tr. for Short v. Park Nicollet Health Servs.*, 979 N.W.2d 436, 448 (Minn. 2022) (declining to opine on breach of duty at the summary-judgment stage and directing that breach of the standard of care was a question for the jury to resolve).

Because the complaint contains sufficient allegations to notify Crudo of the basis of Brookses' negligence action based on parental liability, the district court erred in dismissing the complaint.[4]  *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014).  We reverse the dismissal by the district court and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**

---

[4]  We note that the complaint alleges injury to A.B. and that those injuries were a "direct result" of abuse by V.C. that Crudo failed to prevent.  Thus, proximate cause and injury are also sufficiently pleaded.  *See Lubbers*, 539 N.W.2d at 401.