STATE OF MINNESOTA

IN SUPREME COURT

A14-1574
A15-1692

Ramsey County                                                              Lillehaug, J.

State of Minnesota,

               Respondent,

vs.                                                                        Filed: July 6, 2016
                                                                           Office of Appellate Courts

Aloeng Kelly Vang,

               Appellant.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant Ramsey County Attorney, Saint Paul, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant State Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

1.     Minnesota Rule of Criminal Procedure 8.02, subdivision 2, did not require the State to commence presentation of the case to the grand jury within 14 days of appellant's arraignment.

2.     The postconviction court did not abuse its discretion by denying appellant's postconviction claim of ineffective assistance of trial counsel without an evidentiary hearing.

1

3.      The postconviction court did not abuse its discretion by denying appellant's postconviction claim of prosecutorial misconduct without an evidentiary hearing.

Affirmed.

O P I N I O N

LILLEHAUG, Justice.

Appellant Aloeng Kelly Vang was initially charged by complaint with second-degree intentional murder for the shooting death of Jeffrey Elling.  Vang offered to plead guilty to that charge and serve the statutory maximum sentence of 480 months.  The State rejected Vang's offer.  One hundred and fifty days after arraignment, a grand jury indicted Vang for first-degree premeditated murder.  The district court denied Vang's motion to dismiss the indictment.  Vang was convicted and sentenced to life in prison without the possibility of release.

Vang appealed his conviction and obtained a stay to pursue postconviction relief.  Without holding an evidentiary hearing, the postconviction court denied relief on Vang's claims of ineffective assistance of counsel and prosecutorial misconduct.  In this consolidated direct appeal and appeal from the denial of postconviction relief, Vang alleges three grounds for relief.  We affirm.

I.

The facts of the crime are not in dispute.  On September 1, 2013, between 12:30 a.m. and 1:00 a.m., Jeffrey Elling and his girlfriend, D.H., were crossing the street when Vang sped past them in his car.  Vang parked his car in the driveway of his cousin,

a neighbor of Elling's. Elling approached Vang and the two exchanged words. Elling pushed Vang, who fell to the ground. Then Elling walked back to his house.

Vang was angry and frustrated about the encounter. He left his cousin's house, drove home, and retrieved a firearm from his garage. Vang then returned to Elling's house, rang the doorbell, and hid behind a tree. As Elling opened the front door, Vang fired two shots, one of which struck Elling in the neck. Vang fled the scene while Elling bled to death. Vang later returned to the scene, identified himself, and was arrested.

On September 3, 2013, the State filed a complaint charging Vang with one count of second-degree intentional murder, Minn. Stat. § 609.19, subd. 1(1) (2014). The court held a Rule 8 hearing[1] on September 16, 2013. Vang pleaded not guilty.

Thereafter, on two separate occasions, through his two assistant public defenders, Vang made formal offers to the prosecutors to plead guilty to second-degree intentional murder. First, on October 22, 2013, he offered to plead guilty in exchange for receiving a sentence of 326 months, which is within the presumptive sentencing range of 278-391 months. Second, on January 9, 2014, Vang offered to plead guilty and be sentenced to the statutory maximum of 480 months. The State rejected both offers.

The second offer was rebuffed during a conference with the court in chambers, held off the record, on January 21, 2014. According to the parties, one of the prosecutors indicated that he was not authorized to provide notice to the defense regarding whether

---

[1]     At a Rule 8 hearing, among other things, the district court informs the defendant of the charges and certain rights, and arraigns the defendant. *See* Minn. R. Crim. P. 8.01-8.02.

3

the State would be submitting the matter to the grand jury. The prosecutor suggested that Vang's attorneys attempt to convince managing attorneys in the county attorney's office to accept Vang's most recent offer. Defense counsel then sent a letter to the director of the criminal division, asking that the county attorney allow Vang to avoid a life sentence. There was no response.

On February 12, 2014, a grand jury indicted Vang on charges of first-degree premeditated murder and second-degree intentional murder. Vang moved to dismiss the indictment as untimely under Minn. R. Crim. P. 8.02, subdivision 2. The State responded that it had not provided notice to the court that it would be presenting the case to the grand jury, and therefore the 14-day deadline in Rule 8.02, subd. 2, had not been triggered. The court agreed, and denied Vang's motion to dismiss.

At the end of a bench trial, the court found Vang guilty on both counts. As required by statute, Vang was sentenced to life imprisonment without the possibility of release on the first-degree count. *See* Minn. Stat. § 609.106, subd. 2 (2014). Vang appealed.

We granted Vang's motion to stay his direct appeal in order to allow him to pursue postconviction relief. Vang filed a timely petition for postconviction relief, in which he requested an evidentiary hearing. *See generally* Minn. Stat. § 590.01 (2014). He argued that he had received ineffective assistance of trial counsel because counsel did not schedule a plea hearing directly with the court, pursuant to Minn. R. Crim. P. 14.03(d), in order to allow Vang to plead guilty to second-degree intentional murder when it was the only charge pending against him.

4

Vang's position was that such a plea would have prevented a first-degree murder charge. The State countered that the prosecutors would have blocked any guilty plea by filing a complaint charging Vang with first-degree murder, *see* Minn. R. Crim. P. 17.01, subd. 1, or by dismissing the second-degree intentional murder complaint and recharging. The State acknowledged that "[t]o avoid [the 14-day] time limitation [in Minn. R. Crim. P. 8.02], the Ramsey County Attorney's Office did not formally notify petitioner and his counsel (by filing a complaint or otherwise) of its intention to present first-degree murder charges to a grand jury."

Based on the State's response, Vang filed an amended petition for postconviction relief, adding a claim of prosecutorial misconduct. Vang argued that the State made material misrepresentations to him and the court regarding whether it intended to seek a first-degree murder indictment. Vang renewed his request for an evidentiary hearing.

The postconviction court summarily denied relief without a hearing. Regarding Vang's ineffective-assistance-of-counsel claim, the court concluded that the performance of Vang's attorneys did not fall below an objective standard of reasonableness. Specifically, the court found that if Vang's attorneys had attempted to schedule a plea hearing, the State would have blocked the plea either by dismissing the second-degree intentional murder charge or by filing a complaint for first-degree premeditated murder. The court also determined that there was no indication that, but for counsel's alleged errors, the outcome of the case would have been different. As to Vang's prosecutorial-misconduct claim, the court noted that "[t]here [was] no evidence that prosecutors planned all along to pursue only first-degree murder charges." In fact, 3 months of plea

5

negotiations revealed "nothing but good-faith efforts by both sides to resolve this case." The court concluded that the prosecutors did not commit misconduct.

## II.

We first address Vang's claim that is before us on direct appeal. Vang asserts that the district court erred in denying his motion to dismiss the first-degree murder indictment as untimely under Minn. R. Crim. P. 8.02, subd. 2. That rule provides:

> If the complaint charges a homicide, and the prosecuting attorney notifies the court that the case will be presented to the grand jury, or if the offense is punishable by life imprisonment, the defendant cannot enter a plea at the Rule 8 hearing.

> Presentation of the case to the grand jury must commence within 14 days from the date of the defendant's appearance in the court under this rule, and an indictment or report of no indictment must be returned within a reasonable time. If an indictment is returned, the Omnibus Hearing under Rule 11 must be held as provided by Rule 19.04, subd. 5.

When interpreting one of our rules, "we look first to the plain language of the rule and its purpose." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014).

Vang argues that, because presentation of the case to the grand jury did not commence within 14 days from the date of his Rule 8 appearance, the indictment should have been dismissed. As support, he points to the 2009 amendment to Rule 8.02.[2]

---

[2] Prior to the 2009 amendments, the language of what is now Minn. R. Crim. P. 8.02, subd. 2, was part of Minn. R. Crim. P. 8.01, subd. 1, which read in relevant part:

> If the offense charged in the complaint is a homicide and the prosecuting attorney notifies the court that the case will be presented to the grand jury, or if the offense is punishable by life imprisonment, the presentation of the case to the grand jury shall commence within 14 days from the date of defendant's appearance in the court under this rule . . . .

Before the amendment, the 14-day period began to run if the prosecuting attorney notified the court that the case would be presented to the grand jury. Now, Vang argues, the rule is split between two paragraphs and, thus, the 14-day requirement is no longer contingent on prosecutor notification. The result, he posits, is that the period for indictment now begins to run from the date of the Rule 8 hearing.

Vang's reading of Rule 8.02 is not correct; the two paragraphs must be read together. *See State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn. 2011) (requiring interpretation "as a whole" and in light of the context). The second paragraph is triggered only by the conditions of the first paragraph: a complaint charging a homicide and notification by the prosecuting attorney that the case will be presented to the grand jury, or the charging of an offense punishable by life imprisonment. In this case, the necessary conditions were not present at the time of Vang's Rule 8 hearing. Although the complaint charged a homicide, the prosecuting attorney did not notify the court that the matter would be presented to a grand jury. Nor was the charged offense punishable by life imprisonment. *See* Minn. Stat. § 609.19, subd. 1 (2014) (stating that second-degree murder is punishable by imprisonment "for not more than 40 years"). Thus, the 14-day time period in the second paragraph of Rule 8.02 did not begin to run after Vang's Rule 8 hearing.

Vang's theory is that, when we amended Rule 8, we used a format change in paragraph structure to announce, essentially, a new substantive rule, namely a 14-day deadline to charge first-degree murder. That theory is off the mark. The announced purpose of our 2009 amendments to the Minnesota Rules of Criminal Procedure was

7

stylistic, not substantive. *See* Minn. Sup. Ct. Advisory Comm. on Rules of Criminal Procedure, Report & Proposed Amendments to the Minn. Rules of Crim. Proc. for a Complete Stylistic Revision of the Rules, at 1, No. CX-84-2137 (Apr. 23, 2009) (stating the goal of the committee was to "stylistically revis[e] and streamlin[e] the Rules without making substantive changes"). No substantive changes were made to Rule 8.

Therefore, our holding in *State v. Parker*, 585 N.W.2d 398 (Minn. 1998), is still good law. In *Parker*, we held that "[u]nder [Rule 8], a case must be presented to the grand jury within 14 days when (1) the offense charged is a homicide and the prosecuting attorney notifies the court that the case will be presented to the grand jury; or (2) the offense is punishable by life imprisonment." *Id.* at 403. As neither condition was met in Vang's case, the State was not required to present the case to the grand jury within 14 days of the Rule 8 hearing.

Alternatively, Vang argues that the prosecutors triggered the 14-day period during the January 2014 chambers conference by providing constructive notice of their intent to present the case to the grand jury. This argument is without merit. By the plain words of Rule 8.02, assuming the conditions in the rule exist, the 14-day period is triggered no later than the Rule 8 hearing. There is no 14-day requirement thereafter. Therefore, the trial court did not err when it denied Vang's motion to dismiss the first-degree murder indictment.

## III.

We next address Vang's postconviction claims. "We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of

8

discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). A petition for postconviction relief may be denied without an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). The postconviction court must consider the facts alleged in the petition as true and construe them in the light most favorable to the petitioner. *See Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012); *Riley*, 819 N.W.2d at 167. "[T]he postconviction court must grant the evidentiary hearing whenever material facts are in dispute." *Wilson v. State*, 726 N.W.2d 103, 107 (Minn. 2007). But the postconviction court "need not hold an evidentiary hearing when the petitioner alleges facts that, if true, are legally insufficient to entitle him to the requested relief." *Bobo*, 820 N.W.2d at 516.

## A.

The first postconviction issue is whether Vang received ineffective assistance of trial counsel. Such a claim is a mixed question of law and fact subject to de novo review. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013).

Vang contends that he received ineffective assistance because his trial counsel did not file a written request to schedule an appearance or otherwise arrange for Vang to plead guilty to second-degree murder. *See* Minn. R. Crim. P. 14.03(d). Vang asserts that his trial counsel mistakenly believed that the prosecutors could have blocked his guilty plea. But for counsel's mistake of law, Vang contends, he would not have been convicted of first-degree premeditated murder because his guilty plea would have caused jeopardy to attach and precluded a first-degree murder charge.

9

The Sixth Amendment to the U.S. Constitution guarantees the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance, "(1) the defendant must prove that counsel's representation fell below an objective standard of reasonableness; and (2) the defendant must prove there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Nicks*, 831 N.W.2d at 504 (citing *Strickland*, 466 U.S. at 687-96). "[T]here is a strong presumption that counsel's performance was reasonable." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013). "[W]e need not address both prongs of the [*Strickland*] test if one is determinative." *State v. Whitson*, 876 N.W.2d 297, 305 (Minn. 2016).

Vang argues that counsel's performance became deficient when, after it became clear that the State would not agree to a straight plea to second-degree murder, his counsel did not schedule a guilty plea hearing to enter that plea. This claim fails on the second prong of *Strickland*. Vang has not proven that he was prejudiced; he has not shown that, but for the alleged error, the result would have been any different. The postconviction court is correct that the State could have dismissed the complaint without the court's approval even if Vang had procured a plea hearing. *See* Minn. R. Crim. P. 30.01. The State then could have convened a grand jury, *see* Minn. R. Crim. P. 18.01,

10

subd. 1, to seek an indictment for first-degree premeditated murder.[3]  Therefore, the postconviction court did not err in dismissing this claim without an evidentiary hearing.

B.

The second postconviction issue is whether the prosecutors committed misconduct.  Pointing to a prosecutor's affidavit submitted in the postconviction proceeding, Vang contends that one line indicates that the prosecutors misled him into believing that a plea agreement was possible when, in fact, the county attorney planned to seek an indictment all along.  Vang argues that this alleged misrepresentation affected the way defense counsel approached the case.  Vang claims that he did not discover the alleged misconduct until after trial.

The district court did not read the prosecutor's affidavit in the same way Vang does, and neither do we.  The affidavit simply made it clear that the prosecutors were not authorized to agree to a plea to second-degree murder.  The postconviction court's findings that there was no prosecutorial misconduct but only "good-faith efforts by both sides to resolve the case" are not clearly erroneous and therefore an evidentiary hearing was unnecessary.

Therefore, we affirm Vang's first-degree premeditated murder conviction.

Affirmed.

---

[3]    We need not decide whether the State could have blocked Vang's guilty plea by simply filing a first-degree murder complaint.