*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0574**

State of Minnesota,
Respondent,

vs.

Nicholas Scott Thompson,
Appellant.

**Filed February 23, 2026**
**Affirmed**
**Frisch, Chief Judge**

Jackson County District Court
File No. 32-CR-18-159

Keith Ellison, Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, Minnesota; and

Kristi Meyeraan, Jackson County Attorney, Jackson, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael McLaughlin, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Chief Judge; Ede, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Chief Judge

Appellant challenges the district court's order finding him not competent to participate in his criminal proceedings. He argues that the district court erred in declining to consider his request to discharge his criminal defense counsel and that he received

ineffective assistance from his defense counsel who testified at the contested competency hearing that appellant was not competent. Because the district court did not err in declining to consider the request to discharge defense counsel and defense counsel's performance was objectively reasonable, we affirm.

**FACTS**

This is the fourth pretrial appeal in this matter. In September 2018, respondent State of Minnesota charged appellant Nicholas Scott Thompson with one count of second-degree intentional murder and two counts of second-degree unintentional felony murder for allegedly killing his mother. Since then, the criminal proceedings and related appeals have involved issues related to Thompson's competency. *See State v. Thompson*, No. A19-0787 (Minn. App. Mar. 3, 2020) (order op.); *State v. Thompson*, No. A20-1232 (Minn. App. July 26, 2021), *rev. denied* (Minn. Oct. 27, 2021); *State v. Thompson*, 988 N.W.2d 149 (Minn. App. 2023), *rev. denied* (Minn. June 20, 2023).

Following remand after Thompson's third appeal, the district court ordered a competency evaluation and, after a contested competency hearing, found Thompson competent to proceed. Criminal proceedings resumed in the normal course through mid-2024.

In late July 2024, the state extended a plea offer to Thompson. Thompson rejected the offer the same day. About a week later, Thompson's criminal defense counsel moved the district court to suspend the criminal proceedings and conduct a competency evaluation, citing Thompson's mental illness. Four days later, Thompson filed a handwritten note requesting the removal of his criminal defense counsel and objecting to the motion to

suspend proceedings. The next day, at a hearing on defense counsel's motion, defense counsel reiterated "serious concerns" about Thompson's competency, explaining that Thompson's "delusional thinking" had become intertwined with decisions about plea negotiations, whether to go to trial, and whether to testify. Thompson noted that he opposed the motion, reiterated his position that he was competent, and asked the district court to continue the matter so that he could "make the adjustment to my legal team and ensure my right to effective counsel."

The district court suspended proceedings and ordered a Rule 20 competency evaluation. Following the suspension of proceedings, Thompson stated, "I just wi[s]h to expel both attorneys at this point." The district court replied, "I understand that's your request. I'm not going to rule on that or make any determinations until after we have completed the Rule 20 evaluation, because I have suspended all proceedings until that evaluation is completed. I am not going to rule on any motions about the attorneys."

Defense counsel in the criminal case did not represent Thompson in the competency proceedings. Instead, a separate attorney was appointed to represent Thompson (competency counsel). Thompson declined to participate in the competency evaluation. Relying on treatment records and past evaluations, two competency examiners opined that Thompson's delusional disorder was actively symptomatic and prevented him from rationally consulting with criminal defense counsel or participating in his defense in the criminal matter. Thompson personally objected to the competency report and requested a contested hearing.

In December, the district court held a contested competency hearing. Thompson was represented by competency counsel. Thompson did not request to discharge competency counsel or otherwise object to their representation. At that hearing, Thompson, criminal defense counsel, a mental-health nurse practitioner, and the two competency examiners who examined Thompson testified. Following the contested competency hearing, the district court found Thompson not competent and suspended the criminal proceedings.

Thompson appeals.

**DECISION**

Thompson raises two issues on appeal. He argues that the district court was required to consider and rule on his request to discharge criminal defense counsel. He also argues that he received ineffective assistance from his criminal defense counsel because counsel testified at the contested competency hearing that he was not competent. We disagree.

The Sixth and Fourteenth Amendments guarantee a criminal defendant the right to counsel of their choice. *See* U.S. Const. amend. VI; amend XIV, § 1; *see also* Minn. Const. art. I, § 6. A criminal defendant may not be tried and convicted while legally incompetent. *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997). A criminal defendant who is found not competent to stand trial is likewise not competent to waive counsel. *Godinez v. Moran*, 509 U.S. 389, 399 (1993); *see also Camacho*, 561 N.W.2d at 171-72 (discussing this aspect of *Godinez*). If the district court "has reason to doubt the defendant's competence, the court *must* make a finding that the defendant is competent to stand trial" before deciding

4

that the defendant's "waiver of his constitutional rights is knowing and voluntary." *Camacho*, 561 N.W.2d at 171 (emphasis added) (footnote omitted) (quotation omitted).

The district court was obligated to ensure Thompson's competence at the time he requested to discharge criminal defense counsel. Thompson's request to discharge defense counsel came only after defense counsel moved to suspend the proceedings on the grounds that Thompson could no longer rationally consult with counsel or make reality-based decisions about plea and trial strategy. The district court acted within its broad discretion to manage the proceedings by addressing Thompson's competence first and deferring the discharge decision until the district court could determine whether Thompson was competent to participate in the criminal proceedings. *See Rice Park Props. v. Robins, Kaplan, Miller & Ciresi*, 532 N.W.2d 556, 556 (Minn. 1995) ("[T]he district court has considerable discretion in scheduling matters and in furthering what it has identified as the interests of judicial administration and economy."); *Camacho*, 561 N.W.2d at 172 (stating "that the standards for competency to stand trial and for competency to waive counsel are the same"). And the Minnesota Supreme Court has confirmed that, as relevant here, "if a court has reason to doubt the defendant's competence, the court must make 'a finding that the defendant is competent to stand trial'" before the defendant can waive the right to counsel. *Camacho*, 561 N.W.2d at 171 (footnote omitted) (quoting *Godinez*, 509 U.S. at 400). Because the district court received information giving it reason to doubt Thompson's competence, the district court properly declined to rule on Thompson's request to discharge his defense counsel until it considered and resolved the question of Thompson's competence.

In any event, we discern no prejudice to Thompson associated with the district court's reservation of Thompson's motion during the suspended proceedings. That is because Thompson was represented by separate competency counsel—not his criminal defense counsel—in the contested competency proceedings from which this appeal is taken. *See State v. Loebach*, 310 N.W.2d 58, 64 (Minn. 1981) (requiring a party to show error and prejudice resulting from that error to prevail on appeal). Although criminal defense counsel testified at the contested competency hearing, the fact and substance of that testimony is unrelated to the discharge motion. And Thompson did not request to discharge his competency counsel. Even though criminal defense counsel remains counsel of record in the criminal proceedings, counsel did not undertake any substantive action in the criminal proceeding following notice to the district court questioning Thompson's competence. Given these circumstances, the district court's decision not to rule on Thompson's request had no adverse effect on Thompson.

Thompson also seeks reversal of the competency order, alleging that his criminal defense counsel was ineffective by testifying at the contested competency hearing in a manner that "was directly adverse to [his] position that he was competent for trial." We disagree.

A criminal defendant has a constitutional right to the assistance of counsel. U.S. Const. amend. VI; Minn. Const. art. I, § 6. In evaluating a claim of ineffective assistance of counsel, we apply the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Nicks*, 831 N.W.2d 493, 504 (Minn. 2013). To prove ineffective assistance of counsel, a defendant must show that (1) their "counsel's representation fell

below an objective standard of reasonableness"; and (2) "there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Vang*, 881 N.W.2d 551, 557 (Minn. 2016) (quotation omitted). We may address the "prongs in either order and may dispose of a claim on one without analyzing the other." *Martin v. State*, 825 N.W.2d 734, 744 (Minn. 2013). We disagree that counsel's performance fell below an objective standard of reasonableness for two reasons.

First, counsel is obligated to inquire into a criminal defendant's competence on suspicion that the defendant is not competent. Rule 20 *requires* defense counsel to request a competency evaluation if they, "at any time . . . , doubt[] the defendant's competency to proceed." Minn. R. Crim. P. 20.01, subd. 3(a). Once defense counsel suspected that Thompson was not competent, as here, counsel was obligated pursuant to Rule 20 to raise the issue of Thompson's competence with the district court, and counsel fulfilled that obligation. Indeed, if counsel had reason to question Thompson's competency and *did not* comply with the obligations set forth in Rule 20, such inaction may fall below an objective standard of reasonableness. *State v. Epps*, 996 N.W.2d 226, 239 (Minn. App. 2023), *rev. denied* (Minn. Dec. 19, 2023).

Second, defense counsel was not required to obtain Thompson's consent to raise the issue of his competency and is permitted to share non-privileged information related to competency. Minn. Stat. § 611.42, subd. 3(a) (2024); Minn. R. Crim. P. 20.01, subd. 3(a). Further, defense counsel may provide non-privileged testimony, "subject to the prosecutor's cross-examination," at a contested competency hearing, also without

7

Thompson's consent. Minn. Stat. § 611.44, subd. 2(b) (2024). Given this well-settled authority, the actions of Thompson's criminal defense counsel did not fall below an objective standard of reasonableness.

We therefore conclude that Thompson's criminal defense counsel acted in an objectively reasonable manner by requesting a competency evaluation upon suspicion to doubt Thompson's competence and in testifying to that effect at the contested competency hearing. Indeed, Rule 20 *obligated* Thompson's defense counsel to inquire into Thompson's competency to stand trial when they suspected that he was not competent. Thompson therefore fails to meet his burden to establish that defense counsel's representation fell below an objective standard of reasonableness.

**Affirmed.**