*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0243**

Gerald Bernard, et al.,
Appellants,

vs.

Wealth Enhancement Group LLC,
Respondent.

**Filed December 29, 2025
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27-CV-24-9653

Terrance W. Moore, Daniel J. Sathre, Hellmuth & Johnson, PLLC, Edina, Minnesota (for appellants)

Jessica L. Roe, Alex L. Rubenstein, Roe Law Group, PLLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Reyes, Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Appellants challenge the district court's dismissal of their claims related to an alleged breach of contract, arguing that it erred by determining that the claims are barred by a contractual release. By notice of related appeal, respondent and cross-appellant argues that the district court abused its discretion by denying its motion for sanctions. We affirm.

## FACTS

In June 2024, appellants and cross-respondents Gerald Bernard and his entity, Uncommon Wisdom, Inc. (collectively, Bernard) filed a complaint against respondent and cross-appellant Wealth Enhancement Group, LLC (WEG). Bernard's claims arose from a consulting agreement (the contract) between the parties.

A few years after entering into the contract, WEG presented to Bernard a release agreement (the release), which terminated the contract. Both parties signed this release. Under its terms, WEG would pay Bernard $500,000 in lieu of any payments "due from [WEG] to [Bernard] in connection with the [contract]." In exchange, Bernard would agree to release WEG from "any and all claims, demands, obligations, damages, liabilities[,] and causes of action relating to the [contract]."

Over three years later, in March 2024, Bernard mailed WEG a letter asserting that WEG breached the contract and that the release was void under Minnesota law. The letter outlined a related legal argument and asserted that WEG was liable to Bernard for over $1.8 million but that "Bernard would be willing to enter into a mutual release of all claims in return for payment of $688,000." About two weeks later, WEG formally rejected Bernard's settlement offer via email. In that email, WEG asserted that Bernard had no legal basis for his claims and that WEG would seek sanctions "as a clear case of litigation misconduct" if Bernard moved forward with his claims. Bernard sent WEG a second settlement offer in late April 2024, which was promptly rejected.

In his complaint against WEG, Bernard argued that: (1) WEG breached the contract; (2) WEG violated Minnesota Statutes section 181.145 (2024); and (3) the same statute rendered the release unenforceable.

WEG moved to dismiss Bernard's claims under Rule 12.02(e) of the Minnesota Rules of Civil Procedure, arguing that (1) the contract did not implicate section 181.145 and (2) Bernard's claims were time-barred. WEG then filed a motion for sanctions under Minnesota Rule of Civil Procedure 11 and Minnesota Statutes section 549.211 (2024). WEG argued that sanctions were appropriate because Bernard's claims lacked a legitimate factual and legal basis and were brought for the improper purpose of "extract[ing] a settlement from WEG."

The district court granted WEG's motion to dismiss but denied its motion for sanctions. It ordered entry of judgment dismissing Bernard's claims on two independent grounds. First, it determined that the release and its performance constituted an accord and satisfaction by which Bernard gave up his right to make the claims. Second, the district court determined that, even if the release were unenforceable, Bernard's work under the contract did not fall within the scope of section 181.145, and Bernard could not bring claims under the statute.

This appeal and cross-appeal follow.

3

**DECISION**

**I.      The district court did not err by granting WEG's motion to dismiss Bernard's claims.**

Bernard challenges the district court's determination that the contract did not implicate Minnesota Statutes section 181.145. But the district court did not dismiss Bernard's claims solely on this ground. It also determined that dismissal was appropriate because Bernard gave up his right to make his claims by signing the release. On appeal, neither party addressed this ground for dismissal.

Appellate courts review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Abel v. Abbott Nw. Hosp.*, 947 N.W.2d 58, 68 (Minn. 2020). "We accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014). "A pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *State by Smart Growth Minneapolis v. City of Minneapolis*, 954 N.W.2d 584, 594 (Minn. 2021) (quotation omitted).

When a district court provides multiple independent grounds for its judgment, a party appealing that judgment cannot prevail without addressing each ground in their principal brief. *See Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 17 (Minn. App. 2013) (affirming entry of summary judgment when appellant's principal brief did not challenge independent and sufficient ground for judgment), *rev. denied* (Minn. Mar. 18, 2014). "Minnesota appellate courts decline to reach an issue in the absence of adequate briefing."

4

*In re Civ. Commitment of Kropp*, 895 N.W.2d 647, 653 (Minn. App. 2017), *rev. denied* (Minn. June 20, 2017); *see also Minn. Sands, LLC v. County of Winona*, 940 N.W.2d 183, 199 n.15 (Minn. 2020) (declining to consider "arguments that lack full development in the briefs"). An argument cannot be raised for the first time in an appellant's reply brief. *In re Application of Otter Tail Power Co.*, 942 N.W.2d 175, 181 n.5 (Minn. 2020); *see also* Minn. R. Civ. App. P. 128.02, subd. 3 ("The reply brief must be confined to new matter raised in the brief of the respondent.").

As stated above, Bernard's principal brief does not address an independent ground for the district court's dismissal of his complaint: the release and its performance constituted an accord and satisfaction, thereby precluding Bernard from bringing his claims. *See Webb Bus. Promotions, Inc. v. Am. Elecs. & Ent. Corp.*, 617 N.W.2d 67, 73 (Minn. 2000) ("The purpose of accord and satisfaction is to allow parties to resolve disputes without judicial intervention by discharging all rights and duties under a contract in exchange for a stated performance, usually a payment of a sum of money.") Bernard mentions accord and satisfaction only when describing the district court's order. The district court's accord-and-satisfaction determination therefore goes unchallenged and stands as an independent and sufficient basis for the district court's dismissal of Bernard's complaint.[1] *See Hunter*, 842 N.W.2d at 17.

---

[1] Bernard's principal brief states, only once, that section 181.145 renders the release void and unenforceable, but he provides no further legal support or analysis explaining his conclusion. This renders the argument forfeited. *See, e.g.*, *In re Denial of Contested Case Hearing Requests*, 993 N.W.2d 627, 666 n.20 (Minn. 2023) (holding that forfeiture resulted from party's failure to support argument with relevant legal authority).

**II. The district court did not abuse its discretion by denying WEG's motion for sanctions.**

WEG argues that the district court abused its discretion because Bernard's claims lack a legitimate factual and legal basis and were brought for an improper purpose. We are not persuaded.

A district court may grant a motion for sanctions if it finds that the party against whom sanctions are sought violated Minnesota Rule of Civil Procedure 11.02 or Minnesota Statutes section 549.211, subdivision 2.[2] Under rule 11, an attorney must certify that submissions to the district court are "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," that existing law or a nonfrivolous argument for a change in the law supports the claims made, and that evidence supports or is likely to support the factual allegations. Minn. R. Civ. P. 11.02(a)-(c). "[S]anctions should not be imposed when an attorney has an objectively reasonable basis for pursuing a factual or legal claim or when a competent attorney could form a reasonable belief that a pleading is well-grounded in fact and law." *Flatgard*, 14 N.W.3d at 313 (quotation omitted).

---

Bernard's principal brief also states, only once, that Minnesota Statutes section 181.03 (2024) renders the release void and unenforceable. Bernard did not present this argument to the district court. Bernard "has articulated no basis for this court to depart from the principle against reviewing issues that have not been so preserved" and we therefore decline to do so. *Leppink v. Water Gremlin Co.*, 944 N.W.2d 493, 502 (Minn. App. 2020).

[2] Rule 11 and section 549.211 "overlap[] substantially." *In re Supervised Est. of Flatgard*, 14 N.W.3d 305, 311 (Minn. App. 2024), *rev. denied* (Minn. Mar. 18, 2025).

Appellate courts review a district court's denial of a rule 11 motion for sanctions for an abuse of discretion. *Wolf v. Oestreich*, 956 N.W.2d 248, 256 (Minn. App. 2021), *rev. denied* (Minn. May 18, 2021). "A [district] court abuses its discretion if it makes findings of fact that are not supported by the record, misapplies the law, or resolves the matter in a manner that is contrary to logic and the facts on record." *Sinda v. Sinda*, 949 N.W.2d 170, 175 (Minn. App. 2020) (quotation omitted).

WEG cites no legal authority showing that Bernard's claims were objectively unmoored from fact or law. Bernard's argument concerning the scope of section 181.145 is colorable and there is a dearth of legal authority on the statute's applicability to work like that performed by Bernard under the parties' contract. The record also does not sufficiently support WEG's argument that Bernard brought his complaint for an improper purpose. We conclude that the district court appropriately exercised its discretion by denying WEG's rule 11 motion for sanctions.

**Affirmed.**